# Exhibit A

## Complaint

# DISTRICT COURT CIVIL COVER SHEET

CLARK County, Nevada

Case No. A-16-745837-C
(Assigned by Clerk's Office) XXX

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| ~~JOHN NEVILLE, JR.,~~ on behalf of himself | Venetian Casino Resort LLC |
| Mustafa and all others similarly situated | ~~TERRIBLE HERBST, INC.~~, and |
| Yousif Approved by Tamara | DOES 1 through 50, inclusive |
| From Law Firm | |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Mark R. Thierman, #8285, Joshua D. Buck, #12187, | |
| Leah L. Jones, #13161, Thierman Buck, LLP | |
| 7287 Lakeside Dr., Reno, NV 89511 | |
| 775/284-1500; 775-703-5027 (fax) | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

**Title to Property**
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

**Other Real Property**
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

**Torts**

**Negligence**
- ☐ Auto
- ☐ Premises Liability
- ☐ Other Negligence

**Malpractice**
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

**Other Torts**
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☐ Employment Tort
- ☐ Insurance Tort
- ☐ Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Over $200,000
- ☐ Between $100,000 and $200,000
- ☐ Under $100,000 or Unknown
- ☐ Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☒ Other Civil Matters

***Business Court filings should be filed using the Business Court civil coversheet.***

November 24, 2015
Date

/s/Joshua D. Buck
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
10/27/2016 02:56:31 PM

CLERK OF THE COURT

COMJ
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MUSTAFA YOUSIF on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC and DOES 1 through 50, inclusive,

Defendants.

Case No.: A-16-745837-C

Dept. No.: XXX

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**(EXEMPT FROM ARBITRATION PURSUANT TO NAR 5)**

1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq;
2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;
3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;
4) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;
5) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;
6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050
7) Breach of Contract; and

8) Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff MUSTAFA YOUSIF, on behalf of himself and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $10,000 and because Plaintiff has a private right of action for minimum wages for all hours worked pursuant to Section 16 of Article 15 of the Nevada State Constitution. Article 15, Section 16(B) of the Constitution of the State of Nevada states in relevant part: "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

2. In addition, this court has jurisdiction over the Nevada statutory claims alleged herein because the parties seeking to recover unpaid wages have a private right of action pursuant to the Nevada Constitution, Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others. *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951 (Nev. 2008); *Lucatelli v. Texas de Brazil (Las Vegas) Corp.*, 2012 U.S. Dist. LEXIS 66765, *7 (D. Nev. May 11, 2012) (recognizing that the Nevada Supreme Court stated "it is "illogical" that a plaintiff who can privately enforce a claim for attorneys' fees under NRS § 608.140 cannot privately enforce the underlying claim the fees arose from") (citing *Csomos v. Venetian Casino Resort,*

*LLC*, No. 55203, 2011 Nev. Unpub. LEXIS 1629, 2011 WL 4378744, at *2 (Nev. Sept. 19, 2011)); accord, *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013)("Nevada Revised Statute § 608.140 does provide a private right of action to recoup unpaid wages.") cert. granted 2014 WL 801096 (Mar. 3, 2014), rev'd on other grounds, No. 13-433, 2014 WL 6885951 (U.S. Dec. 9, 2014); *Evans v. Wal-Mart Stores, Inc.*, No. 14-16566, 2016 WL 4269904 (9th Cir. August 15, 2016) (Terminated employees have a private right of action for statutorily mandated overtime premium pay both as wages and as compensation under NRS 608.040 and 608.050); *see also Doolittle v. Eight Judicial Dist. Court*, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (1932) (recognizing that former employees have a private cause of action to sue their employer (as well as third party property owners where the work was performed) for wages and waiting penalties under NRS 608.040 and NRS 608.050).

3. This Court also has jurisdiction over the federal claims alleged herein pursuant to Fair Labor Standards Act ("FLSA") because 29 U.S.C. § 216(b) states (emphasis supplied): "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal ***or State court of competent jurisdiction*** by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has, or will shortly, file with this court a consent to join this action. This Court also has jurisdiction over the federal claims alleged under the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i).

4. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district the acts complained of herein occurred in Clark County, Nevada.

**PARTIES**

5. Plaintiff MUSTAFA YOUSIF, (hereinafter "Plaintiff" or "YOUSIF") is a natural person who is and was a resident of the State of Nevada and has been employed by Defendants as a non-exempt hourly employee from on or about September 22, 2014 to on or about September 2, 2016.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

6. Defendant THE VENETIAN CASINO RESORT, LLC, (hereinafter "Defendants" or "Venetian") is a luxury hotel and casino located on the Las Vegas Strip in Paradise, Nevada that is owned and operated by LAS VEGAS SANDS, LLC, with its principal place of business at 3355 Las Vegas Boulevard South, Las Vegas, Nevada.

7. Defendant, the LAS VEGAS SANDS, LLC, is a Nevada limited-liability company with its principal place of business at 3355 Las Vegas Boulevard South, Las Vegas, Nevada.

8. Defendants THE VENETIAN CASINO RESORT and LAS VEGAS SANDS are collectively referred to throughout this complaint as "Defendants" or "Venetian."

9. Defendants, and each of them, are employers under the FLSA and are engaged in commerce for the purposes of the FLSA, 29 U.S.C.§ 201 *et. seq*. Defendants, and each of them, are employers under the provisions of Nevada Revised Statutes Chapter 608. For labor relations purposes, Defendants are each and together constitute the employer and/or joint employer of Plaintiff and all Plaintiff class members (hereinafter referred to as "Class Members").

10. The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Venetian" herein shall mean "Defendants and each of them."

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a non-exempt hourly housekeeper at the Venetian. At the time of separation of employment Plaintiff was making $17.34 per hour.

12. Plaintiff was scheduled for, and regularly worked, five (5) shifts per week, at least eight (8) hours per shift, and forty (40) hours per workweek, worked hours over eight (8) in a day and/or over forty (40) in a workweek. Upon information and belief, all other persons employed as housekeepers by Defendants were scheduled for and regularly worked the same or similar schedules.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**DEFENDANTS' PRE SHIFT WORK REQUIREMENTS**

13. Defendants required Plaintiff and all employees who worked as housekeepers to engage in pre-shift work activities off the clock and without compensation. Housekeepers were required to fill their carts with cleaning supplies and linens prior to attending a pre-shift meeting and prior to clocking in for their regularly scheduled shift. The time it took to for employees to fill their carts was fifteen (15) to twenty (20) minutes each and every shift worked. Employees could not complete their job duties without filling their carts and were not allowed to start their shifts unless and until their carts were filled with supplies needed to complete their job duties. These tasks were completed off the clock and without compensation. Based on Plaintiff's knowledge and belief all employees who were similarly employed as housekeepers followed the same policy and procedure as mandated by Defendants.

14. Defendants required Plaintiff and all employees who worked as housekeepers to attend a pre-shift meeting prior to their regularly scheduled start time. During the pre-shift meeting Plaintiff and all other housekeepers were required to present themselves to their shift supervisors for room/floor assignments, a uniform inspection, instructions to employees on job duties, shows, special events in the area, occupancy, and other job related information. Pre-shift meetings could take 10 minutes or more and were either held off the clock or during the period of time that was improperly rounded off of employees' time cards. Based on Plaintiff's knowledge and belief all employees who were similarly employed as housekeepers followed the same policy and procedure as mandated by Defendants.

15. Plaintiff and all other housekeepers were required to complete these work tasks each and every shift worked and were not paid their regular wages or any overtime premium wages for time worked over 40 hours in a workweek.

16. Plaintiff was paid $17.34 per hour. Thus, because Defendants' required Mr. Yousif to work at least 25 minutes of uncompensated work time each and every shift worked, he is owed 2.05 hours or more of overtime; i.e., 25 minutes per day at five days per week is equal to 125 minutes or two hours and five minutes. At the required one and one half times his

regular rate of pay of $26.01 multiplied by 2.05 hours of overtime he is owed $53.32 per workweek worked.

**DEFENDANTS' CREDIT CHECK/EMPLOYMENT APPLICATION POLICY**

17. Defendants conducted background and credit checks on Plaintiff.

18. Upon information and belief, Defendants conduct background and credit checks on all prospective and current employees.

19. Defendants use the information in background and credit reports to make employment related decisions for prospective employees.

20. Plaintiff and all FCRA CLASS Members were required to sign defective background and credit report authorizations prior to being hired. The background and credit report authorizations did not contain a single separate disclosure.

21. The resulting offense of this defective background and credit report was that Defendants invaded the personal privacy of Plaintiff and all other FCRA CLASS Members.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

22. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

23. Plaintiff brings the action on behalf of himself and all other similarly situated and typical employees employed in Nevada as both a collective action under the FLSA and a true class action under Nevada law.

24. The **FLSA CLASS** is defined as follows: **All current and former non-exempt employees who were employed as housekeepers by Defendants during the relevant time period.**

25. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those that he seeks to represent for the following reasons, among others:

A. Defendants employed Plaintiff as an hourly employee who did not receive minimum wages and where applicable overtime premium pay at one and

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

one half times the regular rate of pay for all hours worked over forty (40) hours in a workweek.

B. Plaintiff's situation is similar to those he seeks to represent because Defendants failed to pay Plaintiff and all other FLSA CLASS Members for all time they were required to work, including time spent performing pre-shift activities without compensation but with the knowledge acquiescence and/or approval (tactic as well as expressed) of Defendant's managers and agents.

C. Common questions exist as to: 1) Whether the time spent by Plaintiff and all other FLSA CLASS Members engaged in pre-shift activities is compensable under federal law; and 2) Whether Defendants failed to pay Plaintiff and FLSA CLASS Members minimum wages and one and one half times their regular rate for all hours worked in excess of 40 hours a week.

D. Upon information and belief, Defendants employ, and has employed, in excess of 100 FLSA CLASS Members within the applicable statute of limitations.

E. Plaintiff has signed a Consent to Sue form, which is attached to the Complaint as Exhibit A. Consent to sue forms are not required for state law claims under Rule 23 of the Nevada Rules of Civil Procedure.

26. The **NEVADA CLASS** is defined as follows: **All current and former non-exempt hourly paid employees employed as housekeepers by Defendants during the relevant time period.** The NEVADA CLASS is further divided into the following sub-class:

A. **WAGES DUE AND OWING SUB-CLASS**: All members of the NEVADA CLASS who, at any time during the Class Period, were terminated or otherwise separated from employment.

27. The **FCRA CLASS** is defined as follows: **Any person whom Defendants procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to an including the date of judgment.**

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

28. Rule 23 treatment is appropriate for the NEVADA CLASS, the WAGES DUE and OWING SUB-CLASS, and the FCRA CLASS for the following reasons:

A. The NEVADA, WAGES DUE AND OWING, and FCRA CLASSES are Sufficiently Numerous. Upon information and belief, Defendants employ, and has employed, in excess of 1,000 NEVADA CLASS, WAGES DUE AND OWING SUB-CLASS and FCRA CLASS Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll and employment records, Plaintiff alleges that Defendants' records will establish the identity and ascertainably of members of the NEVADA CLASS, the WAGES DUE AND OWING SUB-CLASS, and the FCRA CLASS as well as their numerosity.

B. Plaintiff's Claims are Typical to Those of Fellow Class and Sub-Class Members. Each NEVADA CLASS, WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS Member is and were subject to the same practices, plans, and/or policies as Plaintiff, as follows: 1) Defendants required Plaintiff and all NEVADA CLASS Members to engage in pre-shift activities without compensation; 2) As a result of working employees without compensation off the clock, Defendants failed to pay Plaintiff and WAGES DUE AND OWING SUB-CLASS Members all wages due and owing at the time of their termination or separation from employment; and 3) Plaintiff and all FCRA CLASS Members were required to sign defective background and credit report authorizations prior to being hired.

C. Common Questions of Law and Fact Exist. Common questions of law and fact exist and predominate as to Plaintiff and the NEVADA CLASS, WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS, including, without limitation the following: 1) Whether Plaintiff and all other NEVADA CLASS Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; 2) Whether Defendants delayed final payment to Plaintiff and all separated class Members in violation of NRS 608.020-050; 3) Whether Defendants violated the FCRA by procuring such background reports without a FCRA-compliant disclosure.

D. Plaintiff Is an Adequate Representative of the Classes. Plaintiff will fairly and adequately represent the interests of the NEVADA CLASS, WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS because Plaintiff is a member of each of the CLASSES, he has issues of law and fact in common with all members of each of the CLASSES, and he does not have any interests antagonistic to the members of any of the CLASSES. Plaintiff and Counsel are aware of their fiduciary responsibilities to Members of each of the CLASSES and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the all of the classes as a group.

E. Class Issues Predominate and a Class Action Is A Superior Mechanism to Hundreds Of Individual Actions. Class issues predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while and important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

///

///

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## FIRST CAUSE OF ACTION

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

(On Behalf of Plaintiff and all members of the FLSA CLASS)

29. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

30. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and all FLSA CLASS Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

31. Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

32. By failing to compensate Plaintiff and FLSA CLASS Members for the time spent engaging in pre-shift activities identified above without compensation, Defendants failed to pay Plaintiff and the CLASS Members for all hours worked.

33. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

34. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and all other members of the FLSA CLASS the minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA CLASS)

35. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

36. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. By failing to compensate Plaintiff and FLSA CLASS Members for time spent engaging in pre-shift activities, Defendants failed to pay Plaintiff and FLSA CLASS Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

38. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and FLSA CLASS Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of the Nevada Constitution

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

39. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

40. Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive

relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

41. By failing to compensate Plaintiff and NEVADA CLASS Members any sort of compensation (zero dollars) for the time spent engaging in pre-shift activities identified above, Defendant failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of the Nevada Constitution.

42. Wherefore, Plaintiff demands for himself and for NEVADA CLASS Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked for the two years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**FOURTH CAUSE OF ACTION**

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

43. Plaintiff realleges and incorporates by the reference all the paragraphs above in the Complaint as though fully set forth herein.

44. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

45. NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

46. By failing to compensate Plaintiff and NEVADA CLASS Members for the time spent engaging in the pre shift activities identified above, Defendants failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of NRS 608.140 and 608.016.

47. Wherefore, Plaintiff demands for himself and for all NEVADA CLASS Members payment by Defendants, payment at the Nevada Constitutional minimum wage, or their regular rate of pay, or any applicable overtime premium rate, whichever is higher, all wages due for the times worked each shift but not paid, for three years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

48. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein NRS 608.140 provides that an employee has a private right of action for unpaid wages.

49. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work

50. By failing to compensate Plaintiffs and NEVADA CLASS Members for the pre shift activities identified above, Defendants failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

51. Wherefore, Plaintiff demands for himself and for NEVADA CLASS Members that Defendants pay Plaintiffs and NEVADA CLASS Members one and one half times their "regular rate" of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

///

///

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**SIXTH CAUSE OF ACTION**

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiff and the WAGES DUE AND OWING SUB-CLASS)

52. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

53. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

54. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

55. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

56. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

57. By failing to pay Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS for all hours worked in violation of state and federal law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS.

58. Despite demand, Defendants willfully refuses and continues to refuse to pay Plaintiff and all WAGES DUE AND OWING SUB-CLASS Members.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

59. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, all members of the WAGES DUE AND OWING SUB-CLASS together with attorneys' fees, costs, and interest as provided by law.

**SEVENTH CAUSE OF ACTION**

**Breach of Contract**

(On Behalf of Plaintiff and the NEVADA CLASS)

60. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

61. At all times relevant herein, Defendants had an agreement with Plaintiff and with every NEVADA CLASS Member to pay an agreed upon hourly wage rate for all hours they worked for Defendants. Indeed, Defendants offered to pay Plaintiff and all NEVADA CLASS Members a specific rate of pay in exchange for Plaintiff's and all NEVADA CLASS Members' promise to perform work for Defendants. Plaintiff and the NEVADA CLASS complied with their obligation each and every day by showing up for work and performing labor for Defendants. Defendants failed in its obligation to pay Plaintiff and NEVADA CLASS Members for all the hours that they worked for Defendants as identified above.

62. The parties' employment agreement also necessarily incorporated all applicable provisions of state law, including the labor laws of the State of Nevada.

63. Defendants breached its agreement with Plaintiff and NEVADA CLASS Members by failing to compensate them for all hours worked, namely, for not paying them for the pre shift activities described above.

64. As a result of Defendants' breach, Plaintiff and NEVADA CLASS Members have suffered economic loss that includes lost wages and interest.

65. Wherefore, Plaintiff demands for himself and for all NEVADA CLASS Members that Defendants pay Plaintiff and NEVADA CLASS Members their agreed upon rate of pay for all hours worked during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**EIGHTH CAUSE OF ACTION**

**Procuring Consumer Reports without First Making Proper Disclosures**

**15 U.S.C. § 1681b(b)(2)(A)(i)**

(On Behalf of Plaintiff and the FCRA CLASS)

66. Plaintiff reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

67. Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

68. Defendants violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured.

69. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendants' willful conduct is reflected by, *inter alia*, the following:

(a) The FCRA was enacted in 1970; Defendants has had over 40 years to become compliant;

(b) Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c) Defendants knew or had reason to know that its conduct violated the FCRA;

(e) Defendants repeatedly and routinely uses the disclosure it used with Plaintiff to procure consumer reports;

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

(f) Defendants' inclusion of the policy agreement clearly implies awareness by Defendants that they could be held liable for improperly procuring a consumer report;

(g) Despite the pellucid statutory text and there being a depth of guidance, Defendants' systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(h) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

70. Plaintiff and the members of the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

71. Plaintiff and the members of the Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

72. Plaintiff and the members of the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial pursuant to Nevada Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, individually and on behalf of all Class Members alleged herein, prays for relief as follows:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA CLASS members so they may participate in the lawsuit;
2. For an order certifying the action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 on behalf of all members of the NEVADA CLASS, the WAGES DUE AND OWING SUB-CLASS, and the FCRA CLASS;

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

3. For an order appointing Plaintiff as the Representative of the Classes and his counsel as Class Counsel for the Classes;

4. For damages according to proof for regular rate of pay under federal laws for all hours worked;

5. For damages according to proof for minimum rate of pay under federal law for all hours worked;

6. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

7. For liquidated damages pursuant to 29 U.S. C. § 216(b);

8. For damages according to proof for minimum rate pay under the Constitution of the State of Nevada for all hours worked;

9. For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

10. For damages according to proof for overtime compensation at the applicable rate under NRS 608.140 and 608.018 for all hours worked for overtime premium pay of one and one half times their regular rate for all hours worked in excess of 40 hours per week;

11. For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

12. For damages pursuant to Defendants' breach of contract;

13. For statutory and punitive damages as provided by the FCRA;

14. For interest as provided by law at the maximum legal rate;

///

///

///

///

///

///

///

15.   For reasonable attorneys' fees authorized by statute;

16.   For costs of suit incurred herein;

17.   For pre-judgment and post-judgment interest, as provided by law; and

18.   For such other and further relief as the Court may deem just and proper.


DATED: October 27, 2016                  Respectfully Submitted,

                                         **THIERMAN BUCK LLP**


                                         /s/Joshua D. Buck
                                         Mark R. Thierman
                                         Joshua D. Buck
                                         Leah L. Jones

                                         Attorneys for Plaintiff

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**Index of Exhibits**

A. Consent to Join

JOIN

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MUSTAFA YOUSIF on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC and DOES 1 through 50, inclusive,

Defendants.

Case No.:

Dept. No.:

**CONSENT TO JOIN**

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), the undersigned hereby gives my consent in writing to become a party plaintiff against my Employer, Former Employer, and/or any and all its affiliated entities identified below. I authorize the filing of a copy of this consent form in Court. I further consent to join this and/or any subsequent or amended suit against the same or related defendant for wage and hour violations.

Dated this 7 day of October, 2016

Name: Mustafa Yousif
(Please Print)

Signature: [signature]

Employer: VENETIAN/LAS VEGAS SANDS