**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs Mustafa Yousif and*
*Sharone Walker on behalf of themselves and*
*all others similarly situated*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,

  Plaintiffs,

  vs.

THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP. and DOES 1 through 50, inclusive,

  Defendants.

Case No.: 2:16-cv-02941-RFB-NJK

**STIPULATION AND ORDER TO FILE PLAINTIFFS' PROPOSED FOURTH AMENDED COMPLAINT**

Plaintiffs MUSTAFA YOUSIF and SHARONE WALKER ("Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP., by and through their counsel of record OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C., hereby stipulate and agree that Plaintiffs may file with the Court, without further motion, the Proposed Fourth Amended Complaint, a copy of which is attached hereto as **Exhibit A**.

At the hearing held on May 24, 2018 the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint and instructed Plaintiffs

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

to file a Third Amended Complaint . (ECF No. 83.) On May 29, 2018, Plaintiffs filed their Third Amended Complaint (ECF No. 84); on June 12, 2018 Defendants filed their Motion to Dismiss Plaintiffs' Third Amended Complaint. (ECF No. 88). After reviewing and meeting and conferring with Defendants regarding the same, Plaintiffs now seek to amend their complaint for a fourth time by further narrowing Plaintiffs' claims and removing allegations that are not supported by the evidence.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

By agreeing to Plaintiffs filing the Proposed Fourth Amended Complaint, Defendants are not agreeing to the merits of any claim, the factual allegations in the Fourth Amended Complaint, or waiving any defenses they may assert.

The Parties further stipulate and agree that Defendants have twenty-one (21) days from the date the Fourth Amended Complaint is filed to respond accordingly.

Dated this 6th day of July 2018.                    Dated this 6th day of July 2018.

THIERMAN BUCK, LLP                          OGLTREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.

*/s/Leah L. Jones*                                   */s/Dana B. Salmonson*
Mark R. Thierman, Esq., Bar No. 8285          Anthony L. Martin, Esq., Bar No. 8177
Joshua D. Buck, Esq., Bar No. 12187           Dana B. Salmonson, Esq., Bar. No. 11180
Leah L. Jones, Esq., Bar No. 13161            Wells Fargo Tower, Suite 1500
7287 Lakeside Drive                           3800 Howard Hughes Parkway
Reno, Nevada 89511                            Las Vegas, NV 89169

*Attorneys for Plaintiffs Mustafa Yousif and*     Patrick F. Hulla (*admitted pro hac vice*)
*Sharone Walker on behalf of themselves and*      4520 Main Street, Ste. 400
*All others similarly situated*                   Kansas City, MO  64111

                                              *Attorneys for Defendants Venetian Casino*
                                              *Resort, LLC and Las Vegas Sands Corp.*


## ORDER

IT IS SO ORDERED.

DATED:  _July 11, 2018._

The Clerk is directed to file the Fourth Amended Complaint, attached hereto as Exhbit A.

_____
RICHARD F. BOULWARE, II
United States District Judge

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.com†

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

**<u>Exhibit List</u>**

Exhibit A                    Plaintiffs' Proposed Fourth Amended Complaint

# EXHIBIT A

# EXHIBIT A

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs Mustafa Yousif and
Sharone Walker on behalf of themselves and
all others similarly situated*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS SANDS, CORP.; THE VENETIAN CASINO RESORT, LLC; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 2:16-cv-02941-RFB-NJK <br><br> **FOURTH AMENDED COMPLAINT** <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> 1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; <br><br> 2) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016; <br><br> 3) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; <br><br> 4) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and <br><br> 5) Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiffs MUSTAFA YOUSIF and SHARONE WALKER, on behalf of themselves and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in the

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiffs have filed with this court consents to join this action.

2. This Court also has jurisdiction over the federal claims alleged under the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681p which states: "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff or the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs."

3. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

4. In addition, this Court has jurisdiction over the Nevada statutory claims alleged herein because the Parties seeking to recover unpaid wages have a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others. *See*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

*e.g., Neville v. Eighth Judicial District Court in & for Cty. of Clark*, Case No. 70696, 133 Nev. Adv. Op. 95, 2017 WL 6273614, at *4 (Dec. 7, 2017).

5.     Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district the acts complained of herein occurred in Clark County, Nevada.

**PARTIES**

6.     Plaintiff MUSTAFA YOUSIF, (hereinafter "Plaintiff" or "YOUSIF") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendants as a non-exempt hourly employee from on or about September 22, 2014 to on or about September 7, 2016.

7.     Plaintiff SHARONE WALKER, (hereinafter "Plaintiff" or "WALKER") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendants as a non-exempt hourly employee from on or about August 2015 to September 19, 2017.

8.     Defendant LAS VEGAS SANDS, CORPORATION is a Nevada limited-liability company with its principal place of business at 3355 Las Vegas Boulevard South, Las Vegas, Nevada.  Defendant owns and operates the Venetian and the Palazzo luxury hotels in Las Vegas, Nevada.

9.     Defendant THE VENETIAN CASINO RESORT, LLC is a luxury hotel and casino complex located on the Las Vegas Strip, Nevada and, upon information and belief, is part of a larger complex, operated as one hotel comprising the adjoining Palazzo and the Sands Convention Center.  The VENETIAN and The PALAZZO are operated as one hotel by the LAS VEGAS SANDS, CORP, with its principal place of business at 3355 Las Vegas Boulevard South, Las Vegas, Nevada.

10.     Defendants LAS VEGAS SANDS CORP. and THE VENETIAN CASINO RESORT are collectively referred to throughout this complaint as "Defendants" or "Venetian/Palazzo."

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

11.     Defendants, and each of them, are employers under the FLSA and are engaged in commerce for the purposes of the FLSA, 29 U.S.C.§ 201 *et. seq*. Defendants, and each of them, are employers under the provisions of Nevada Revised Statutes Chapter 608.   For labor relations purposes, Defendants are each and together constitute the employer and/or joint employer of Plaintiffs and all Plaintiff class members (hereinafter referred to as "Class Members").

12.     The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiffs.  Plaintiffs are informed and believe that each of Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Venetian/Palazzo" herein shall mean "Defendants and each of them."

## **FACTUAL ALLEGATIONS**

13.     Plaintiffs were employed by Defendants as non-exempt hourly paid housekeepers at the Venetian/Palazzo.   At the time of separation of employment Plaintiff Yousif was making about $17.44 per hour.   At the time of separation of employment Plaintiff Walker was making about $17.44 per hour.

14.     Plaintiffs were scheduled for, and regularly worked, five (5) shifts per week, at least eight (8) hours per shift, forty (40) hours per workweek, and worked hours over eight (8) in a day and/or over forty (40) in a workweek.   Upon information and belief, all other persons employed as housekeepers by Defendants were scheduled for and regularly worked the same or similar schedules.

15.     Plaintiff YOUSIF's usual schedule required him to work Thursday through Monday with Tuesday and Wednesday off.   His schedule varied between a swing shift start time and a 9:00 a.m. start time on the weekend.   He was always scheduled for the weekends.

16.     Plaintiff WALKER's usual schedule required her to work Thursday through Monday with Tuesday and Wednesday off.   She was always scheduled for the weekends and was unable to take a lunch break due to volume of rooms to be cleaned during busy periods.

/ / /

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

17.     Defendants required Plaintiffs and all employees who worked as housekeepers to engage in pre-shift work activities off the clock and without compensation each and every single shift worked.  Housekeepers were required to fill their carts with cleaning supplies and linens prior to clocking in for their regularly scheduled shift.

18.     Employees could not complete their job duties without filling their carts and were not allowed to start their shifts unless and until their carts were filled with supplies needed to complete their job duties.   These tasks were completed off the clock and without compensation.  Based on Plaintiffs' knowledge and belief all employees who were similarly employed as housekeepers followed the same policy and procedure mandated by Defendants.

19.     Plaintiffs first principal work activity took place approximately fifteen (15) to twenty-five (25) minutes prior to their regular scheduled shift, when Plaintiffs and all housekeepers were required to enter through the employee entrance at the Venetian and review a large white board outside of the Housekeeping office in order for them to receive their floor/room/station assignments for the day.  This information was not available to employees until the day of their shift at the board, at the housekeeping office, and on the property.

20.     Once a housekeeper knows what floor and rooms they are assigned to clean they go to that floor and the corresponding station to retrieve their cleaning carts and then fill those cleaning carts with items required to complete their daily work duties.

21.     In addition to linens (sheets, pillow cases, duvets), which housekeepers had to collect and fold themselves prior to loading their carts, housekeepers had to collect soap products (shampoo, conditioner, soap bars, bathroom items), towels, toilet tissue, tissue, magazines, laundry bags, extra note pads and pens, as well as a safety bag for hazardous material disposal and place them on their cleaning carts.

22.     Housekeepers are required to fill up their carts each and every shift worked.

/ / /

/ / /

/ / /

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## DEFENDANTS' POST-SHIFT WORK REQUIREMENTS

23. Plaintiffs and housekeepers are assigned a certain number of rooms to complete during their shifts. If a housekeeper was unable to finish their allotted rooms during their shift they were instructed to clock out and then finish cleaning their assigned rooms off the clock and without compensation.

24. Extracting unpaid work from Plaintiffs and all other housekeepers was achieved by having employees perform work without being logged in to the timekeeping system.

25. Plaintiff YOUSIF was paid $17.44 per hour. Thus, because Defendants' required Mr. Yousif to work about 25 minutes of uncompensated work time each and every shift worked, he is owed 2.05 hours or more of overtime; i.e., 25 minutes per day at five days per week is equal to 125 minutes or two hours and five minutes. At the required one and one-half times his regular hourly rate of pay of $26.16 multiplied by 2.05 hours of overtime he is owed $53.63 per workweek worked.

26. Plaintiff WALKER was paid $17.44 per hour. Thus, because Defendants' required Ms. WALKER to work about 25 minutes of uncompensated work time each and every shift worked, she is owed 2.05 hours or more of overtime; i.e., 25 minutes per day at five days per week is equal to 125 minutes or two hours and five minutes. At the required one and one-half times her regular hourly rate of pay of $26.16 multiplied by 2.05 hours of overtime she is owed $53.63 per workweek worked.

## DEFENDANTS' CREDIT CHECK/EMPLOYMENT APPLICATION POLICY

27. The FCRA defines a "consumer report" as follows: [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

28. Defendants conducted background and credit checks on Plaintiffs.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

29.     Defendants use the information in background and credit reports to make employment related decisions for Plaintiffs and prospective and current employees.

30.     Defendants failed to comply with federal mandates for obtaining and using background and credit reports to make employment related decision for prospective and current employees.

31.     Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless … a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or cause to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

32.     Defendants routinely violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured.  Instead, Defendants willfully included extraneous information such as a "release of liability" in an effort to shield itself from unlawful acts. *See, e.g., Harris v. Home depot U.S.A., Inc.,* 2015 WL 4270313, at *1 (N.D. Cal. June 20, 2015) (*citing Letter from William Haynes,* Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998)); *see also Reardon v. ClosetMaid Corp.,* 2013 WL 6231606, at *9 (W.D. Pa. Dec. 2, 2013) ("[The] inclusion of a release provision in the Authorization Form … facially violates section 1681b(b)(2)(A)(i).").

33.     Plaintiffs and all prospective and current employees were required to sign defective background and credit report authorizations prior to being hired.  The background and credit report authorizations did not contain a single separate disclosure.  Instead, Defendants provided Plaintiffs with a 15+ page document that consisted of multiple authorizations to conduct a background check *and* multiple releases of liability from obtaining the background report including (1) a "Global Payment Card Data Security Policy" and (2) the "External Candidate Job Applicant Profile" which included an "Application Agreement" stating that "It is

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

my understanding that my employment at The Company is dependent upon … the security background check that is required." Additional authorizations were also required, consisting of:

    a.    "Civil Name Check Background Waiver Authorization for Release of Information" which states in relevant part: "I hereby release from liability and promises to hold harmless under any and all causes of legal action, the State of Nevada, its officer(s), agents(s), and/or employees(s) who conducted my criminal history records search and provided information to the requestor for any statement(s), omission(s), or infringement(s) upon my current legal rights. I further release and hold harmless and covenant not to sue any persons, firms, institutions, or agencies providing such information …";

    b.    "Authorization For Release Of Information" which states in relevant part: "I hereby authorize The Company to conduct an employment background check, and authorize and request all person, organizations and other entities to furnish information requested below to The Company. I release and forever discharge The Company and the below named employer and their agents or employees from any and all causes of action, suits, debts, judgments, executions, claims, and demands whatsoever, known or unknown, suspected or not suspected, in law or equity for complying with this request, or furnishing or utilizing any information supplied in response to this request;" and

    c.    "Employment Center Reference Release" which states in relevant part: "I hereby authorize The Venetian to conduct an employment background check, and authorize and request all persons, organizations and other entities to furnish the information requested below to the Venetian. I release and forever discharge the Venetian and the below-named employer and their agents or employees from any and all causes of actions, suits, debts, judgments, executions, claims, and demands whatsoever, known or unknown, suspected or not suspected, in law or

equity for complying with this request, or furnishing or utilizing any information supplied in response to the request."

34. Upon information and belief, Defendants require all prospective and current employees and to sign such releases.

35. Defendants have willfully and systematically violated 15 U.S.C. § 1681(b)(2)(A)(i) by procuring consumer reports on Plaintiffs and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA.

36. Based on Defendants' conduct, Plaintiffs assert FCRA claims on behalf of themselves and the class defined below. On behalf of themselves and the class, Plaintiffs seek statutory damages, punitive damages, attorney's fees, litigation costs, and all other available relief.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

37. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

38. Plaintiffs bring the action on behalf of themselves and all other similarly situated and typical housekeepers employed in Nevada as both a collective action under the FLSA and a true class action under Nevada law.

39. The **FLSA CLASS** is defined as follows: **All current and former non-exempt employees who were employed as housekeepers by Defendants during the relevant time period**.

40. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

A. Defendants employed Plaintiffs as hourly-paid employees who did not receive overtime premium pay at one and one-half times the regular hourly rate of pay for all hours worked over forty (40) hours in a workweek.

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

B.      Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other FLSA CLASS Members for all time they were required to work, including time spent performing pre-shift and post-shift activities without compensation but with the knowledge acquiescence and/or approval (tactic as well as expressed) of Defendants' managers and agents.

C.      Common questions exist as to: 1) Whether the time spent by Plaintiffs and all other FLSA CLASS Members engaged in pre-shift and post-shift activities is compensable under federal law; and 2) Whether Defendants failed to pay Plaintiffs and FLSA CLASS Members one and one-half times their regular hourly rate for all hours worked in excess of 40 hours a week.

D.      Upon information and belief, Defendants employ, and have employed, in excess of 1000 FLSA CLASS Members within the applicable statute of limitations.

E.      Plaintiffs have signed Consent to Sue forms which have been filed with the Court. Consent to sue forms are not required for state law claims under Rule 23 of the Nevada Rules of Civil Procedure.

41.      The **NEVADA CLASS** is defined as follows: **All current and former non-exempt hourly paid employees employed as housekeepers by Defendants during the relevant time period**. The NEVADA CLASS is further divided into the following sub-class:

     A.      **WAGES DUE AND OWING SUB-CLASS**: All members of the NEVADA CLASS who, at any time during the Class Period, were terminated or otherwise separated from employment.

42.      The **FCRA CLASS** is defined as follows: **Any person whom Defendants procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to an including the date of judgment.**

43.      Rule 23 treatment is appropriate for the NEVADA CLASS and the WAGES DUE and OWING SUB-CLASS, and the FCRA CLASS for the following reasons:

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

A.  The NEVADA and WAGES DUE AND OWING, and FCRA CLASSES are Sufficiently Numerous. Upon information and belief, Defendants employ, and has employed, in excess of 1,000 NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS and FCRA CLASS Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll and employment records, Plaintiffs allege that Defendants' records will establish the identity and ascertainably of members of the NEVADA CLASS and the WAGES DUE AND OWING SUB-CLASS as well as their numerosity.

B.  Plaintiffs' Claims are Typical to Those of Fellow Class and Sub-Class Members. Each NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS Member is and was subject to the same practices, plans, and/or policies as Plaintiffs, as follows: 1) Defendants required Plaintiffs and all NEVADA CLASS Members to engage in pre-shift and post-shift activities without compensation; and 2) As a result of working employees without compensation off the clock, Defendants failed to pay Plaintiffs and WAGES DUE AND OWING SUB-CLASS Members all wages due and owing at the time of their termination or separation from employment; and 3) Plaintiffs and all FCRA CLASS Members were required to sign defective background and credit report authorizations prior to being hired.

C.  Common Questions of Law and Fact Exist. Common questions of law and fact exist and predominate as to Plaintiffs and the NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS, including, without limitation the following: 1) Whether Plaintiffs and all other NEVADA CLASS Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; and 2) Whether

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants delayed final payment to Plaintiffs and all separated class Members in violation of NRS 608.020-050; 3); and Whether Defendants violated the FCRA by procuring such background reports without a FCRA-compliant disclosure.).

        D.       <u>Plaintiffs Are Adequate Representatives of the Classes.</u> Plaintiffs will fairly and adequately represent the interests of the NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS, and FCRA CLASS because Plaintiffs are members of each of the CLASSES, they have issues of law and fact in common with all members of the CLASSES, and they do not have any interests antagonistic to the members of any of the CLASSES. Plaintiffs and Counsel are aware of their fiduciary responsibilities to Members of each of the CLASSES and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the all of the classes as a group.

        E.       <u>Class Issues Predominate and a Class Action Is A Superior Mechanism to Hundreds Of Individual Actions</u>. Class issues predominate, and a class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while and important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA CLASS)

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

44.     Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

45.     29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46.     By failing to compensate Plaintiffs and FLSA CLASS Members for time spent engaging in pre-shift and post-shift activities, Defendants failed to pay Plaintiffs and FLSA CLASS Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

47.     Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendants pay Plaintiffs and FLSA CLASS Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

48.     Plaintiffs reallege and incorporate by the reference all the paragraphs above in the Complaint as though fully set forth herein.

49.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

50.     NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works."  Hours worked means anytime the employer exercises "control or

custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee.").

51. Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

52. By failing to compensate Plaintiffs and NEVADA CLASS Members for the time spent engaging in the pre-shift and post-shift activities identified above, Defendants failed to pay Plaintiffs and NEVADA CLASS Members for all hours worked in violation of NRS 608.140 and 608.016.

53. Wherefore, Plaintiffs demand for themselves and for all NEVADA CLASS Members payment by Defendants, at their hourly rate of pay for all wages due for the times worked each shift but not paid, during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

54. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

56. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work

57. By failing to compensate Plaintiffs and NEVADA CLASS Members for the pre-shift and post-shift activities identified above, Defendants failed to pay a weekly premium

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

58.     Wherefore, Plaintiffs demand for themselves and for NEVADA CLASS Members that Defendants pay Plaintiffs and NEVADA CLASS Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiffs and the WAGES DUE AND OWING SUB-CLASS)

59.     Plaintiffs reallege and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

60.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

61.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

62.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

63.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

64.     By failing to pay Plaintiffs and all members of the WAGES DUE AND OWING SUB-CLASS for all hours worked in violation of state and federal law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS.

65.     Despite demand, Defendants willfully refuses and continues to refuse to pay Plaintiffs and all WAGES DUE AND OWING SUB-CLASS Members.

66.     Wherefore, Plaintiffs demand for themselves and all members of the WAGES DUE AND OWING SUB-CLASS thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, together with attorneys' fees, costs, and interest as provided by law.

## FIFTH CAUSE OF ACTION

**Procuring Consumer Reports without First Making Proper Disclosures**

**15 U.S.C. § 1681b(b)(2)(A)(i)**

(On Behalf of Plaintiffs and the FCRA CLASS)

67.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

68.     The FCRA defines a "consumer report" as follows: [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

69.     Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

70.     Defendants violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured.

71.     Plaintiffs and the FCRA Class have suffered harm through Defendants deficient background checks in the form of an invasion of privacy and informational injury, as well as an unlawful release of liability.

72.     The foregoing violations were willful.  Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendants' willful conduct is reflected by, *inter alia*, the following:

(a) The FCRA was enacted in 1970; Defendants has had over 40 years to become compliant;

(b) Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c) Defendants knew or had reason to know that its conduct violated the FCRA;

(e) Defendants repeatedly and routinely uses the disclosure it used with Plaintiffs to procure consumer reports;

(f) Defendants' inclusion of the policy agreement clearly implies awareness by Defendants that they could be held liable for improperly procuring a consumer report;

(g) Despite the pellucid statutory text and there being a depth of guidance, Defendants' systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

*the disclosure*, that a consumer report may be obtained for employment purposes; and

(h) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

73. Plaintiffs and the members of the FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

74. Plaintiffs and the members of the FCRA Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

75. Plaintiffs and the members of the FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of all Class Members alleged herein, pray for relief as follows:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA CLASS members so they may participate in the lawsuit;

2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of all members of the NEVADA CLASS and the WAGES DUE AND OWING SUB-CLASS, and the FCRA CLASS;

3. For an order appointing Plaintiffs as the Representatives of the Classes and their counsel as Class Counsel for the Classes;

4. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

5. For liquidated damages pursuant to 29 U. S. C. § 216(b);

FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

6.      For damages according to proof for regular hourly rate pay under NRS 608.140 and 608.016 for all hours worked;

7.      For damages according to proof for overtime compensation at the applicable rate under NRS 608.140 and 608.018 for all hours worked for overtime premium pay of one and one-half times their regular rate for all hours worked in excess of 40 hours per week;

8.      For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

9.      For statutory and punitive damages as provided by the FCRA;

10.     For interest as provided by law at the maximum legal rate;

11.     For reasonable attorneys' fees authorized by statute;

12.     For costs of suit incurred herein;

13.     For pre-judgment and post-judgment interest, as provided by law; and

14.     For such other and further relief as the Court may deem just and proper.


DATED: July 5, 2018          Respectfully Submitted,

**THIERMAN BUCK LLP**


/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Leah L. Jones

**Attorneys for Plaintiffs**