1  Anthony L. Martin
   Nevada Bar No. 8177
2  anthony.martin@ogletreedeakins.com
   Dana B. Salmonson
3  Nevada Bar No. 11180
   dana.salmonson@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Wells Fargo Tower
5  Suite 1500
   3800 Howard Hughes Parkway
6  Las Vegas, NV  89169
   Telephone:  702.369.6800
7  Fax:  702.369.6888

8  Patrick F. Hulla (*admitted pro hac vice*)
   patrick.hulla@ogletreedeakins.com
9  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   4520 Main Street, Ste. 400
10 Kansas City, MO  64111
   Telephone:  816.471.1301
11 Fax:  816.471.1303

12 *Attorneys for Defendants Venetian Casino Resort,
   LLC and Las Vegas Sands Corp.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:16-cv-02941-RFB-NJK<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT** |

　　　　Defendants Venetian Casino Resort, LLC and Las Vegas Sands Corp. (collectively referred to as "Defendants") move to dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 98, the "FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as it fails to state a claim

upon which relief can be granted. The FAC is a futile and substantively deficient pleading that fails as a matter of law and must be dismissed.

This Motion is made and based on the records, pleadings, and papers on file herein, together with the following Memorandum of Points and Authorities, and any such further argument the Court deems appropriate.

DATED this 25th day of July, 2018.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Dana B. Salmonson*
Anthony L. Martin
Nevada Bar No. 8177
Dana B. Salmonson
Nevada Bar No. 11180
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169

Patrick F. Hulla (*admitted pro hac vice*)
4520 Main Street, Ste. 400
Kansas City, MO  64111

*Attorneys for Defendants Venetian Casino Resort, LLC and Las Vegas Sands Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

At a hearing on May 24, 2018, the Court gave Plaintiffs an opportunity to file an amended Complaint that would streamline their wage and hour claims and address the parameters of their Nevada statutory claims given the Nevada Supreme Court's decision in *Neville v. Eighth Judicial Dist. Court*, 406 P.3d 499 (2017) ("*Neville*"). Although the FAC is Plaintiffs' **second** attempt at accomplishing these goals, it, once again, misses the mark and remains fatally flawed.[1]

---

[1] On May 29, 2018, Plaintiffs filed their Third Amended Complaint, which included allegations of illegal rounding practices and uncompensated attendance at pre-shift meetings. (ECF No. 84 at ¶¶ 17, 23-26, 29.) On June 12, 2018, Defendants filed their Motion to Dismiss Plaintiffs' Third Amended Complaint. (ECF No. 88.) After meeting and conferring with Defendants, Plaintiffs sought leave to amend a fourth time by further narrowing their claims and removing allegations that

The FAC eliminates pre-shift meeting and rounding allegations that were blatantly contrary to the evidence; nevertheless, it ignores evidence demonstrating Plaintiffs were paid for more time than they worked each week. (*See* ECF Nos. 88, 97.) This critical omission affords Plaintiffs' allegations a superficial mask of legitimacy, but their selective pleading still does not withstand basic pleading scrutiny. Plaintiffs' FAC fails to include specific and crucial allegations about state and federal wage and hour law violations. In particular, the FAC is devoid of particularized facts demonstrating Plaintiffs were not paid for all hours worked, including overtime.

Plaintiffs allege they were not paid a particular hourly rate for unspecified time they purportedly worked. In so doing, Plaintiffs attempt to squeeze their square generalizations into the auspices of the round private right of action recognized in *Neville*. The critical distinction between Plaintiffs' claims and those at issue in *Neville* is the substantive difference between (1) a viable action for allegedly unpaid time worked, and (2) an inactionable claim for a supposedly proper hourly rate. Because *Neville* did not extend to claims involving a purportedly inaccurate hourly rate, Plaintiffs' claims here should be dismissed.

Respectfully, Plaintiffs' FAC is nothing more than a futile attempt to manufacture a claim for overtime and/or unpaid wages. No such claims exist. Accordingly, Plaintiffs' FAC should be dismissed in its entirety.

## II.   SUMMARY OF AMENDMENT

Plaintiffs' allegations now include one federal and three state statutory wage and hour claims.[2] Specifically, Plaintiffs allege Defendants failed to: (1) pay overtime as required by 29 U.S.C. § 207; (2) pay wages for all hours worked as dictated by NRS 608.140 and 608.016; (3) pay overtime wages as commanded by NRS 608.140 and 608.018; and (4) timely pay all wages due and owing upon termination under NRS 608.140 and 608.020-.050. (ECF No. 98, *passim.*)

As required by the Court, the FAC removed claims for supposedly unpaid minimum wages.

---

were not supported by the evidence. (ECF No. 97.) Defendants did not oppose the requested amendment; on July 11, 2018, Plaintiffs filed the FAC. (ECF No. 98.)

[2] The FAC also alleges Fair Credit Reporting Act violations, but the parties and Court are in the process of finalizing settlement regarding such claims. A final fairness hearing addressing that settlement is scheduled to occur on September 11, 2018. (ECF No. 87.)

3

Additionally, under the threat of Rule 11 sanctions, Plaintiffs removed unsubstantiated allegations about pre-shift meetings and rounding shift start and end times. (ECF No. 84 at ¶¶ 17, 23-29; ECF No. 97.)  The FAC includes new allegations about post-shift work requirements; noticeably absent from the FAC is a specific allegation Plaintiffs performed postliminary work. (ECF No. 98 at ¶¶ 23-24.).  Despite these substantive edits to Plaintiffs' allegations, they maintain their uncompensated time worked was two hours and five minutes **of overtime** per workweek. (*Id.* at ¶¶ 14, 25-26, 46, 52.)

### III.    LEGAL ANALYSIS

#### A.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to state a claim upon which relief can be granted. *See Yazoo County Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1160-61 (1982). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation and citation omitted); Fed. R. Civ. P. (8)(a)(2) (stating a claim requires a statement showing the plaintiff is entitled to relief). "Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 558 (*quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)). Testing the sufficiency of Plaintiffs' FAC, thus, involves two steps. *See Iqbal*, 556 U.S. at 678-79.

During the first step, the court must identify, and eliminate from further consideration, "legal conclusions" or "threadbare recitals of the elements of a cause of action." *Id.* at 678.  A plaintiff "does not unlock the doors of discovery . . . armed with nothing more than conclusions." *Id.* at 678-79. Neither "legal conclusion[s] couched as factual allegation[s]" nor "naked assertions devoid of further factual enhancement" are enough to survive a motion to dismiss. *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).

4

Only if, or "[w]hen there are well-pleaded factual allegations," should the Court proceed to the next step to determine "whether they plausibly give rise to an entitlement to relief." *See Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the court to draw on its judicial experience and common sense." *Id*. at 679. Though a probability requirement is not imposed at the pleading stage, enough facts to raise a *reasonable expectation* that discovery will reveal evidence of facts sufficient to support the claim must be present. *Twombly,* 550 U.S. at 557-558 (emphasis added). When claims have not crossed the line from conceivable to plausible, the complaint *must* be dismissed. *Id.,* at 680 (emphasis added).

Notably, in a class action context, when assessing the sufficiency of pleadings, courts should not allow "largely groundless claim[s]"; instead, courts should expose deficient pleadings at the outset—*i.e.*, at the point of minimum expenditure of the court' and the parties' resources. *See, e.g., id.* at 557-558 (stating "It is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive.").

**B.**     **The FAC is Futile and Disingenuous**

Although the FAC no longer includes allegations that are contradicted by the evidence amassed over nineteen months of litigation, it disregards evidence demonstrating the futility of Plaintiffs' current claims. Specifically, Plaintiffs were paid an hourly rate for an entire eight-hour shift, yet they worked less than eight hours because they were permitted a paid, one-hour meal period. Defendants maintain that it is impossible to reconcile these facts with Plaintiffs' claims they worked uncompensated time that was less than the pay they received for unworked time. There is simply no **reasonable** expectation that further discovery could uncover **any** evidence demonstrating a plausible claim. *See Twombly, supra* (emphasis added). Plaintiffs' deficient pleadings should be dismissed now, before the Court and the parties expend further resources litigating a claim that is not, and will never be, factually viable. *Id.*

. . .

. . .

### C. The *Neville* Decision Does Not Preclude Dismissal of Plaintiffs' Second Cause of Action for Failure to Compensate All Hours Worked in Violation of NRS 608.140 and 608.016

#### 1. The *Neville* Decision Does Not Abrogate the At-Will Nature of Plaintiffs' Employment

"Employees in Nevada are presumed to be employed 'at-will' unless the employee can prove facts legally sufficient to show a contrary agreement was in effect." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 376, 989 P.2d 882, 885 (1999) (*citing Vancheri v. GNLV Corp.*, 105 Nev. 417, 777 P.2d 366 (1989)). "[E]mployers may unilaterally modify the terms of an at-will employment arrangement in prospective fashion". *Baldonado v. Wynn Las Vegas, LLC*, 121 Nev. 951, 967, 194 P.3d 96, 106 (Nev. 2008).

Plaintiffs impermissibly and illogically attempt to expand *Neville* beyond its own bounds. Although Plaintiffs are no longer attempting to circumvent the at-will doctrine through a breach of contract claim, the doctrine is nevertheless instructive. More specifically, *Neville* did not abrogate the longstanding rule that employers may set hourly rates for time worked. It follows then that there can be no private right of action under Nevada's statutory wage scheme when employees expect a higher hourly rate of pay. In other words, Nevada's unpaid wage statutes cannot be read to limit an employer's ability to change employment terms when those terms exceed any legal obligation, such as paying a minimum wage. *See Baldonado*, 124 Nev. 951 at 967, 194 P.3d at 106. To proceed otherwise would effectively eviscerate the at-will doctrine.

#### 2. Plaintiffs' Allegations Do Not Give Rise to a Private Right of Action

Although *Neville* recognizes a private right of action for claims made under NRS 608.016, it does not preclude dismissal. Unlike *Neville,* this case does not involve an alleged minimum wage violation. As evidenced by their prior pleadings, Plaintiffs' hourly rates were **more than twice the required minimum wage,** and thus, when they claim unpaid work time each week is 2.05 hours, there can be no claim their hourly rate fell below the constitutional minimum.

Here, Plaintiffs were paid an hourly rate for each eight-hour shift, yet they worked less than eight hours because they were allowed an hour, paid meal period when they did not work.

1 Consequently, Plaintiffs' claim is one for a particular **hourly rate**, not a claim for **unpaid overtime time worked**, and their **hourly rate** claim is **not** implicated by NRS 608.016.

According to the Plaintiffs, the only unpaid time worked each week was for overtime hours. (ECF No. 98 at ¶¶ 25, 26.)  Because Plaintiffs do not allege they are owed for unpaid, straight time worked—*i.e.*, for work performed before they reached 40 hours worked in a workweek—their claims premised in supposed NRS 608.016 (unpaid time worked) and 608.140 (attorneys' fees for unpaid time worked) violations are legal nullities subject to dismissal.  Similar to the logic precluding "gap time" claims under the FLSA, Plaintiffs should not be allowed to pursue a claim for which the statute is not intended.  *See Douglas v. Xerox Business Servs., LLC*, 875 F.3d 884 (9th Cir. 2017) (FLSA considers workweek as a whole for compliance; minimum wage provisions not intended to address individual payment schemes).  Moreover, Plaintiffs' omission of essential facts should not be endorsed as an end-around statutory limits.

### D. Plaintiffs' First Cause of Action (Failure to Pay Overtime in Violation of 29 U.S.C. § 207) and Third Cause of Action (Failure to Pay Overtime in Violation of NRS 608.140 and 608.018) Do Not Satisfy Minimum Pleading Standard

If the allegations in the FAC were appropriately aligned with the facts, the futility of Plaintiffs' overtime claims would be readily apparent.  Plaintiffs were paid an hourly rate for each eight-hour shift; their wages included an hour of pay for an unworked meal period.  Their unworked meal periods are not considered time worked under the FLSA and, therefore, are not compensable. *See* 29 CFR 785.19 (related to "bona fide" meal periods).  Accordingly, unworked meal periods should not be included when determining hours worked for purposes of determining if overtime thresholds are breached.  Because Plaintiffs allege, when they worked an entire workweek, they worked approximately two hours and five minutes a week off the clock, they never actually trigger overtime protections.  Expressed mathematically:

> 35 hours compensable time worked in a week + 2 hours, 5 minutes of allegedly unpaid compensable time worked in a week = 37 hours, 5 minutes of allegedly compensable time worked in a week
>
> 37 hours, 5 minutes of allegedly compensable time worked in a week < 40 hours compensable time worked in a week.

7

Moreover, Plaintiffs' FLSA and NRS 608.018 overtime claims should be dismissed because Plaintiffs have not supported them with required factual allegations. Merely pleading legal elements of an overtime claim is not enough to survive a motion to dismiss. In particular, Plaintiffs' overtime claims are premised in conclusory incantations invoking relevant statutory language:

> By failing to compensate Plaintiffs and FLSA CLASS Members for time spent engaging in pre-shift and post-shift activities, Defendants failed to pay Plaintiffs and FLSA CLASS Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

(ECF No. 98 at ¶ 46.)

> By failing to compensate Plaintiffs and NEVADA CLASS Members for the pre-shift and post-shift activities identified above, Defendants failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

(ECF No. 98 at ¶ 57.)

The only "factual" allegation supporting these overtime claims is that Plaintiffs were scheduled for, and regularly worked, five shifts per week, at least eight hours per shift, and 40 hours per workweek. (*Id.* at ¶ 14.) This allegation merely parrots the statute, albeit in different words— *i.e.*, they are merely a recitation of the legal elements "couched as factual allegations" of the sort the Supreme Court held insufficient in *Iqbal*. 556 U.S. at 678. This critical pleading deficiency warrants dismissal of Plaintiffs' overtime claims. *See, e.g., Sullivan v. Riviera Holding Corporation*, 2014 WL 2960303 (D. Nev. June 30, 2014) (allegations restating elements of claim for relief insufficient to withstand dismissal of FLSA overtime claim).

### E. As a Matter of Law, Plaintiffs' Fourth Cause of Action for Failure to Timely Pay All Wages Due and Owing in Violation of 608.140 and 608.020-.050 Fails

NRS 608.020 and .030 prescribe timing of payment for wages owed upon separation of employment. If an employer fails to pay during prescribed period, penalties may apply. *See e.g.,* NRS 608.040; NRS 608.050. Although the *Neville* decision found the Nevada legislature intended a private cause of action for unpaid wages under NRS 608.140, it provides no guidance about how penalty provisions available to the Labor Commissioner can be appropriately regarded as wages. Regardless, Plaintiffs' untimely payment of wages claim fails for the same reasons Plaintiffs' overtime and hours worked claims fail. In other words, without specificity as to actual wages owed

at time of separation, there can be no corresponding penalty (which only the Labor Commissioner is charged with assessing) for alleged late payments.

## IV. CONCLUSION

Plaintiffs' claims are neither plausible, nor grounded in fact or law. Defendants respectfully request that the Court dismiss Plaintiffs' FAC in its entirety.

DATED this 25th day of July, 2018.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Dana B. Salmonson*
Anthony L. Martin
Nevada Bar No. 8177
Dana B. Salmonson
Nevada Bar No. 11180
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169

Patrick F. Hulla (*admitted pro hac vice*)
4520 Main Street, Ste. 400
Kansas City, MO  64111

*Attorneys for Defendants Venetian Casino Resort, LLC and Las Vegas Sands Corp.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Mark R. Thierman**
**Joshua D. Buck**
**Leah L. Jones**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV  89511
*Attorneys for Plaintiffs*

DATED this 25th day of July, 2018.

/s/ *Carol Rojas*
An Employee of Ogletree, Deakins,
Nash, Smoak & Stewart, P.C.