UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-02941-RFB-NKJ<br><br>**<u>ORDER</u>** |

### I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Certify Class for Conditional Certification and for an Order Circulating Notice Pursuant to 29 U.S.C. 216(b) (ECF No. 36), Defendants' Motion to Dismiss (ECF No. 100), and a Joint Motion to Set Briefing Schedule Regarding Plaintiffs' Motion for Class Certification Re Plaintiffs' Nevada State Law Wage Claims (ECF No. 69).

### II. FACTUAL BACKGROUND

The Court summarizes the relevant facts alleged in Plaintiffs' Fourth Amended Complaint (ECF No. 98). Defendants employed Plaintiffs as non-exempt hourly paid housekeepers at the Venetian/Palazzo. At the time of separation of employment, Plaintiffs Mustafa Yousif and Sharone Walker were each making about $17.44 per hour. Plaintiffs regularly worked five shifts per week, at least eight hours per shift, and at least forty hours per workweek.

<u>Pre-Shift Work</u>

Defendants required Plaintiffs to engage in pre-shift work activities off the clock and

1  without compensation.  Plaintiffs' pre-shift work began approximately fifteen to twenty-five
2  minutes prior to their scheduled shifts.  Plaintiffs were first required to enter through the employee
3  entrance at the Venetian and review a large white board outside of the Housekeeping office to
4  receive their station assignments for the day.  This information was not available to employees
5  until the day of their shift at the board, at the housekeeping office, and on the property.  Once they
6  knew what floor and rooms they were assigned to clean, Plaintiffs were next required to go to that
7  floor and fill their carts with cleaning supplies, linens, and other items required to complete their
8  daily duties.  They were not allowed to start their shifts unless and until their carts were filled with
9  supplies needed to complete their job duties.

Post-Shift Work

Plaintiffs were assigned a certain number of rooms to clean during their shifts.  If they were unable to finish their allotted rooms during their shift, they were instructed to clock out and then finish cleaning their assigned rooms off the clock and without compensation.

### III. PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint in state court on October 27, 2016, bringing claims under the Fair Labor Standards Act ("FLSA"), the Fair Credit Reporting Act ("FCRA"), and Nevada state wage law.  (ECF No. 1).  The case was removed to this Court on December 19, 2016. (ECF No. 1).  Defendants filed a Motion to Dismiss the Complaint on December 27, 2016.  (ECF No. 6).   Plaintiffs filed the First Amended Complaint on January 4, 2017.  (ECF No. 7).  The parties stipulated, and the Court granted the stipulation, to the filing of a Second Amended Complaint on February 2, 2017, (ECF No. 16), and Plaintiffs filed the Second Amended Complaint on February 3, 2017.  (ECF No. 17).  Defendants filed a Motion to Dismiss the Second Amended Complaint on March 6, 2017.  (ECF No. 18).

Plaintiffs filed a Motion to Certify Class for Conditional Certification as to FLSA claims only on April 7, 2017.  (ECF No. 36).

The Court granted a scheduling order on April 21, 2017.  (ECF No. 42).  The order identifies three phases of discovery for the three separate classes: FLSA, Nevada wage, and FCRA.

The parties stipulated, and the Court granted the stipulation, to defer briefing on the Fed. R. Civ. P. 23 Class Certification for the Nevada wage claims until after the Nevada Supreme Court issued its decision as to any private right of action under those provisions. (ECF No. 55). After the Nevada Supreme Court issued its decision on the private right of action in Neville v. Eighth Judicial Dist. Court of Nev. (Terrible Herbst, Inc.), 406 P.3d 499 (Nev. 2017), the parties engaged in settlement discussions that were ultimately unsuccessful. On February 14, 2018, the parties filed a Joint Request to Set Briefing Schedule Regarding Plaintiffs' Motion for Class Certification re Plaintiffs' Nevada State Law Wage Claims. (ECF No. 69).

On January 16, 2018, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement of the FCRA claims. (ECF No. 68). The Court granted the Motion on May 29, 2018. (ECF No. 82).

The Court held a hearing on May 24, 2018. (ECF No. 83). Regarding the FLSA claim, the Court was inclined to grant the Motion to Certify Class but requested that Plaintiffs amend their complaint. Regarding the state law claims, the Court deferred the Request to Set Briefing Schedule (ECF No. 69). The Court granted Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 18) in part, retaining the FCRA claim, three Nevada wage claims, and one FLSA claim.

Plaintiffs filed a Third Amended Complaint on May 29, 2018. (ECF No. 84). Defendants filed a Motion to Dismiss the Third Amended Complaint on June 12, 2018. (ECF. No. 88). Following a joint stipulation by the parties, (ECF No. 96), Plaintiffs filed a Fourth Amended Complaint on July 11, 2018, (ECF No. 98). Pursuant to the discussion at the May 2018 hearing, Plaintiffs removed the several dismissed claims and added one state law claim (Failure to Pay Overtime under NRS 608.140 and 608.018). The Court denied Defendants' Motion to Dismiss the Third Amended Complaint as moot. (ECF No. 99).

Defendants filed a Motion to Dismiss the Fourth Amended Complaint on July 25, 2018. (ECF No. 100). Plaintiffs filed a Motion for Final Approval of Class Action Settlement of the FCRA claims on September 4, 2018. (ECF No. 105).

/ / /

The Court held a hearing on September 11, 2018. The Court granted Plaintiffs' Motion for Final Approval of Class Action Settlement of the FCRA claims.

## IV. LEGAL STANDARDS

### a. Conditional Certification

In a suit brought under the FLSA, an action may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "[O]nly those plaintiffs who expressly join the collective action are bound by its results." McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).

The Ninth Circuit has held that "[t]he provisions of [the FLSA] permitting resort to representative suits should be liberally administered by the courts, since encouragement of the practice will redound to the advantage of employer and employee alike through avoidance of a multiplicity of suits." Culver v. Bell & Loffland, Inc., 146 F.2d 29, 31 (9th Cir. 1944). Collective actions are warranted where "common issues of law and fact arising from the same alleged discriminatory activity" can be resolved efficiently in one proceeding. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

The FLSA does not define the term "similarly situated," and neither the Supreme Court nor the Ninth Circuit have interpreted it. Therefore, in order to determine whether a putative class of plaintiffs are "similarly situated" such that they should be permitted to proceed in an FLSA collective action, district courts within this circuit have adopted a "two-tiered" certification process. See, e.g., Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 627 (E.D. Cal. 2009); Lewis v. Wells Fargo & Co., 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009); Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466-67 (N.D. Cal. 2004).

Several Circuits have approved of (but have not required) the two-tiered approach. See, e.g., Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536 (3d Cir. 2012) (noting the approach's wide

/ / /

acceptance); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

### 1. Notice Stage

Under the two-tiered approach, "the first tier is the 'notice stage,' which asks whether the employees are sufficiently similarly situated that notice should be sent to prospective plaintiffs under Hoffman-La Roche." Kress, 263 F.R.D. at 627. "[C]onditional certification does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare Corp. v. Symczyk, 596 U.S. 66, 75 (2013) (internal citation and quotation omitted).

At the notice stage, Plaintiffs must provide substantial allegations supported by declarations or discovery that show that the putative class members were impacted by a single decision, policy, or plan. Kress, 263 F.R.D. at 627 (citing Gerlach v. Wells Fargo & Co., No. 05-cv-0585, 2006 WL 824652, at *2-3 (N.D. Cal. Mar. 28, 2006). All that need be shown by plaintiff is that some identifiable factual or legal nexus binds together the various claims of class members in a way that hearing claims together promotes judicial efficiency and comports with broad remedial policies underlying FLSA. Villareal v. Caremark LLC, 66 F.Supp. 3d 1184, 1189 (D. Ariz. 2014). The plaintiff's position need only be similar, not identical, to positions held by putative class members and courts must only be satisfied that a reasonable basis exists for plaintiffs' claims of class-wide injury. Id. Courts are not required to consider evidence provided by the defendants at the notice stage. Kress, 263 F.R.D. at 628.

### 2. Post-Discovery Stage

"At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" Id. (quoting Thiessen, 267 F.3d at 1102-03). At the second stage, courts consider several factors to determine whether employees are similarly situated, including: the different factual and employment circumstances of the employees; the defenses that may be available to the employer with respect

to the individual employees; and "fairness and procedural considerations." Id. (quoting Leuthold, 224 F.R.D. at 467). If the court determines at the second stage that the individual plaintiffs are not similarly situated, it may revoke the conditional certification given in the first stage. Id.

### b. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## V. DISCUSSION

### A. Conditional Certification

The Court first considers Plaintiffs' Motion to Certify Class for Conditional Certification and for an Order Circulating Notice Pursuant to 29 U.S.C. 216(b). Plaintiffs propose a FLSA class defined as: All current and former non-exempt employees who were employed as housekeepers by Defendants during the relevant time period. Plaintiffs' proposed notice states:

> To participate in this lawsuit, you must have been employed as a housekeeper by THE VENETIAN/PALAZZO CASINO RESORT, LLC; LAS VEGAS SANDS, CORP at any time from October 27, 2013 to the present and you were not paid compensation for the time it took you to obtain your work station assignment for the day, load and fill your cleaning carts with items required to complete your daily work duties, and attend pre-shift meetings prior to clocking in for your regularly scheduled shift and/or completing room assignments after clocking out.

(ECF No. 50, Ex. O).

The proposed class is sufficiently similarly situated. Plaintiffs provide substantial allegations that the putative class members worked pre-shift and post-shift hours without pay while

employed as housekeepers by Defendants, supported by the declarations of several employees with personal knowledge of the relevant policies.   (ECF No. 36, Ex. C-I); (ECF No. 50, Ex. J-M).

Defendants' various contentions that the proposed notice is misleading and lacks required information are without merit.  Plaintiffs' proposed notice clearly explains the applicable statute of limitations.  It states that this Court has taken no position on the merits of the case and that potential plaintiffs will be bound by the "decisions and agreements entered into by the Plaintiffs named on the caption on the lawsuit."  It alerts potential plaintiffs of their right to seek their own counsel and to file their own lawsuit.  Plaintiffs need not include language in the notice regarding litigation costs.  See Carrillo v. Schneider Logistics, Inc. 2012 WL 556309, at *14 (C.D. Cal. Jan. 31, 2012), aff'd 501 F. App'x 713 (9th Cir. 2012).

**B.  Motion to Dismiss**

The Court next considers Defendants' Motion to Dismiss.  Defendants primarily argue that Plaintiffs' Fourth Amended Complaint disregards evidence submitted by Defendants that Plaintiffs were paid for more time than they worked each week.  This argument is not an appropriate consideration at the Motion to Dismiss stage.  Plaintiffs allege that they worked in excess of 40 hours a week without receiving overtime pay or pay for all hours worked.  Plaintiffs have stated a claim upon which relief can be granted.

Defendants also argue that Plaintiffs merely parrot the statute.  But Plaintiffs provide several specific factual allegations, describing how housekeepers were scheduled for 40-hour weeks but were required to fill their carts with cleaning supplies before clocking in for their shifts and continue to clean if they had not finished their assigned tasks when their shift was complete.

**VI.   CONCLUSION**

**IT IS ORDERED** that Plaintiffs' Motion to Certify Class for Conditional Certification and for an Order Circulating Notice Pursuant to 29 U.S.C. 216(b) (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 100) is **DENIED**.

///

1    **IT IS FURTHER ORDERED** that Joint Motion to Set Briefing Schedule Regarding Plaintiffs' Motion for Class Certification Re Plaintiffs' Nevada State Law Wage Claims (ECF No. 69) is **GRANTED**.

DATED: September 24, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**