Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

Patrick F. Hulla (*admitted pro hac vice*)
patrick.hulla@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4520 Main Street, Ste. 400
Kansas City, MO  64111
Telephone:  816.471.1301
Fax:  816.471.1303
*Attorney for Defendant Venetian Casino Resort, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS SAND CORP.; THE VENETIAN CASINO RESORT, LLC; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.:  2:16-cv-02941-RFB-NJK <br><br> **STIPULATION AND ORDER TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> *(First Request)* |

Pursuant to Local Rules IA 6-1, IA 6-2 and LR 7-1, Defendant Venetian Casino Resort, LLC

("Defendant"), and Plaintiffs Mustafa Yousif and Sharone Walker (collectively referred to as

"Plaintiffs") hereby request a three-week extension of time, up to and including, May 13, 2019, for

Defendant to file its Response to Plaintiffs' Motion for Class Certification.[1]  Plaintiffs filed their

---

[1] Las Vegas Sands Corp. was dismissed from this matter on October 10, 2018.  (ECF No. 113.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1  Motion for Class Certification on April 1, 2019 ("Motion"). (ECF No. 126.) The present deadline

2  for Defendant to file its Response to the Motion is April 22, 2019. This is Defendant's first request

3  for an extension of time to file its Response.

4  This Stipulation is not intended for delay, and is made in good faith so the parties may

5  conclude a meet-and-confer regarding evidence submitted by Plaintiffs in support of their Motion.

6  Specifically, Plaintiffs rely on the purported expert testimony of analyst James R. Toney in their

7  Motion. (ECF No. 126, p. 26.) However, Defendants believe that Plaintiffs should have disclosed

8  Mr. Toney as a witness under Fed. R. Civ. Pro. 26(a)(1), or as an expert witness under Fed. R. Civ.

9  Pro. 26(a)(2), prior to using his testimony in support of their Motion. "Expert reports are required

10  in order to eliminate 'unfair surprise to the opposing party and [to conserve] resources.'" *Williams*

11  *v. University Medical Center of Southern Nev.*, 2010 WL 2802214 (D. Nev. July 14, 2010) (*citing*

12  *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998)). Further, while the original

13  Discovery Plan and Scheduling Order ("DPSO") did not set a date for disclosure of experts or the

14  close of discovery, it did set forth a two-phase discovery structure whereby the first phase of

15  discovery "will focus on the appropriate scope of any motion for conditional and/or class

16  certification and Plaintiffs' individual claims for all (3) classes." (ECF No. 42 at section

17  G.) Because Plaintiffs knew they would use Mr. Toney's analysis in their Motion for Class

18  Certification, it was within the scope of discovery and should have been disclosed under the DPSO.

19  Moreover, at the class certification stage, any proffered expert testimony must undergo an analysis

20  under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591, 113 S. Ct. 2786 (1993) to

21  test the evidence for scientific reliability and relevance. *See Ellis v. Costco Wholesale Corp.*, 657

22  F.3d 970, 982 (9th Cir. 2011). Plaintiffs' failure to disclose Mr. Toney or his report deprived

23  Defendants of the opportunity to depose Mr. Toney and to test the reliance of his opinions. *See*

24  *Brown v. Wal-Mart Store, Inc.*, 2018 WL 2011935 (N. D. Cal. 2018) (Court reiterated that Wal-

25  Mart's failure to disclose the identities of fifteen declarants before filing an opposition to Plaintiff's

26  motion for class certification "deprived [Plaintiffs] of the opportunity to depose these declarants"

27  and that the exclusion of this evidence was justified (noting that the Ninth Circuit upheld the

28  imposition of that sanction on appeal).)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Plaintiffs disagree due to the facts that (1) no expert disclosure deadline has been set by the Court, and (2) no trial dates have been set. *See Torres v. White*, 685 F. Supp. 2d 1283, 1286 (N.D. Okla. 2010) ("Plaintiff's expert report was timely disclosed under the Federal Rules of Civil Procedure as this court did not set a specific time frame for the identification of expert witnesses or the exchange of witness reports. Absent a specific date set by the court or a stipulation by the parties, Fed. R. Civ. P. 26(b)(2)(C)(i) dictates that disclosure of experts must be made 90 days before trial. Since there was no trial date set in this matter, plaintiff's disclosure was timely."); *see also, Minebea Co. Ltd. v. Papst,* 231 F.R.D. 3, 6-7 (D.D.C. 2005) ("Purpose of rule requiring that expert reports be disclosed at least 90 days before the trial date or as directed by the court is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial.").

On April 9, 2019, Defendant's counsel contacted Plaintiffs' counsel to meet-and-confer regarding Plaintiffs' reliance on Mr. Toney's testimony, their failure to disclose him as a witness, and their failure to disclose his expert report. Counsel for Plaintiffs responded that they do not believe they were required to disclose Mr. Toney prior to relying on his expert testimony but that they would provide a position on the propriety of Mr. Toney's analysis by Friday, April 12, 2019 or Monday, April 15, 2019. Counsel also stated they would be available to discuss this matter after Defendants' counsel has had an opportunity to review their response. On April 15, 2019, Plaintiffs' counsel sent correspondence to Defendant's counsel regarding why it did not believe an expert disclosure prior to filing their Motion was required. Further, Plaintiffs' counsel indicated that they anticipated providing Defendant with Plaintiffs' Expert Disclosure for Mr. Toney "likely before the end of the week, 4/19/19".

. . .

. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

As a result, the parties respectfully request a three-week extension of time for Defendant to respond to Plaintiffs' Motion and to allow for a meet-and-confer with Plaintiffs to be fully conducted, to review and analyze Mr. Toney's expert report, to determine whether a rebuttal expert is necessary at this time, and to explore whether and to what extent a Motion to Strike Mr. Toney is appropriate.

DATED this 17th day of April, 2019.

DATED this 17th day of April, 2019.

THIERMAN BUCK LLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Leah L. Jones*

Mark R. Thierman
Nevada Bar No. 8285
Joshua D. Buck
Nevada Bar No. 12187
Joshua R. Hendrickson
Nevada Bar No. 12225
Leah L. Jones
Nevada Bar No. 13161
7287 Lakeside Drive
Reno, NV 89511
*Attorneys for Plaintiffs*

/s/ *Dana B. Salmonson*

Anthony L. Martin
Nevada Bar No. 8177
Dana B. Salmonson
Nevada Bar No. 11180
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169

Patrick F. Hulla (*admitted pro hac vice*)
4520 Main Street, Ste. 400
Kansas City, MO 64111
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

April 18, 2019

DATED