**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

*Attorneys for Plaintiffs Mustafa Yousif and Sharone Walker on behalf of themselves and all others similarly situated*

**DLA PIPER LLP (US)**
Mary C. Dollarhide, Cal. Bar No. 138441
*(admitted pro hac vice)*
mary.dollarhide@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: (858) 677-1400
Fax: (858) 677-1401

Brian S. Kaplan, NY Bar No. 2685725
*(admitted pro hac vice)*
brian.kaplan@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**
Molly M. Rezac, Nev. Bar No. 7435
50 West Liberty Street, Suite 920
Reno, NV 89501
Tel: (775) 440-2372
Fax: (775) 440-2376

*Attorneys for Defendant The Venetian Casino Resort, LLC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE No.: 2:16-cv-02941-RFB-NJK<br><br>**AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiffs MUSTAFA YOUSIF and SHARONE WALKER ("Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendant THE VENETIAN CASINO RESORT, LLC[1], by and through their counsel of record DLA Piper, LLP and OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C., submit this Proposed Amended Stipulated Discovery Plan and Scheduling Order.

## PERTINENT PROCEDURAL HISTORY[2]

The Parties filed their original Proposed Discovery Plan and Scheduling Order on March 20, 2017 (ECF No. 25). Thereafter, by Order dated April 21, 2017 (ECF No. 42), the Court approved an Amended Joint Stipulated Discovery Plan and Scheduling Order whereby discovery was phased and deadlines were set dependent upon the grant or denial of Plaintiffs' certification motions under the Fair Labor Standards Act §216(b) and Rule 23 of the Federal Rules of Civil Procedure.[3] Specifically, the Court ordered the Parties to "jointly submit an additional proposed scheduling order which includes deadlines regarding interim status reports, expert witness disclosures, the completion of discovery, any motion for decertification, dispositive motions, and trial within 14 days after the resolution of the motion(s) for conditional

---

[1] Las Vegas Sands Corp. was dismissed from this matter on October 10, 2018. (ECF No. 113).

[2] A comprehensive procedural history is set forth in the concurrently filed Joint Status Report.

[3] Section G of ECF No. 42 states in full: "The first phase of discovery will focus on the appropriate scope of any motion for conditional and/or class certification and Plaintiffs' individual claims for all three (3) classes. However, the parties do not intend to place specific limits on this phase of discovery as it may lead to inefficiencies, e.g., taking Plaintiffs' and putative class members depositions twice, discovery disputes regarding appropriate scope of discovery, etc. This phase would likely include written discovery and deposition of Plaintiff and Defendants' representatives. The second phase of discovery would occur after the Court rules on conditional and/or class action certification (pursuant to 29 USC § 216(b) and FRCP 23). Phase II discovery would likely entail further written discovery and depositions of putative Plaintiffs/opt-ins/class members, party witnesses and Defendants' representatives. Because the scope of any collective or class action is currently unknown, the Parties propose that they jointly submit a subsequent proposed scheduling order which includes deadlines regarding expert witness disclosures, the completion of discovery, and motion for decertification, dispositive motions, and trial twenty-one days after either: (1) any notice period closes, should the Court grant the motion(s) for certification; or (2) the Court denies the motion(s) for certification."

certification." (ECF No. 42 at p. 10, §§ M.)

Plaintiffs thereafter filed their Motion for Conditional Certification and Notice pursuant to § 216(b). (ECF No. 108). On September 24, 2018, the Motion was granted and the Court adopted the requested form of Notice. (ECF No. 109.) Notice issued and approximately 5% of the putative class members joined the collective action. The Court later set the deadline for Plaintiffs' Motion for Rule 23 Class Certification to be filed sixty (60) days following the production of the stipulated class list and any corresponding available KRONOS/SWIPE data. (ECF No. 116.)  Plaintiffs received the ordered class list and data on January 31, 2019. They filed their Motion for Rule 23 Class Certification on the Nevada wage claims on April 1, 2019. (ECF No. 126.)  The Parties stipulated and the Court granted extensions of time for Defendant to file their Opposition to July 31, 2019 in order for Defendant to review Plaintiffs' supporting data analysis submitted with Plaintiffs' class certification motion and to depose Plaintiffs' expert. (ECF Nos. 128, 130, 133.)  Plaintiffs Yousif and Walker were also noticed for deposition in this timeframe.

Meanwhile, on April 17, 2019, Defendant had propounded written discovery on each of the opt-in Plaintiffs who joined the FLSA portion of this action by that time, including the two Named Plaintiffs.  Plaintiffs opposed such discovery via a motion for protective order which was held in abeyance while the parties attempted to mediate a resolution.  The matter did not settle and Plaintiffs subsequently withdrew their Rule 23 motion for certification. The Court thus dismissed the Plaintiffs' Motion to Certify the Class without prejudice on February 12, 2020. (ECF No. 156).  Then on July 7, 2020, the Court denied Plaintiffs' motion for protective order on the opt-in discovery, without prejudice, for failing to meet and confer by "personally engag[ing] in two-way communication" as opposed to email.  (ECF No. 169.)

The Parties have since engaged in two-way personal communication and have come to an agreement on the written discovery proposed by Defendant which will be issued to certain of the opt-ins in the near future and require response within forty-five (45) days after receipt by Plaintiffs' counsel via electronic service.

**PROPOSED AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**
EAST\176806157.1

**PROPOSED PARTIAL DISCOVERY PLAN AND SCHEDULING ORDER**

The Parties hereby submit this proposed partial discovery plan and scheduling order requesting the following deadlines be adopted by the Court. The deadlines proposed take into consideration: (1) the uncertainty surrounding continued COVID-19 pandemic-related issues such as further reduced and/or remote work schedules for the courts, counsel, their clients, and experts, (2) counsels' scheduled trials, and (3) the upcoming holidays, in an effort to promote judicial economy and allow this Court to more effectively control the disposition of the cases on its docket.

A.  **Continued Collective Action and Class Certification Discovery:** Continued discovery will include written discovery and depositions of Named Plaintiffs, Defendant's representatives, and opt-in Plaintiffs, consistent with the prior Scheduling Order dated April 21, 2017 (ECF. 42); disclosure and depositions of all experts; depositions of other witnesses identified by the Parties; and any other discovery pertinent to either the decertification of the collective or the certification of a class, such discovery to be conducted over a period of two hundred forty (240) days from the filing of this Status Report and Proposed Partial Discovery Plan, to June 12, 2021, such 240-day period to be extended by the length of any delayed production of the agreed-upon opt-in discovery. Consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), Plaintiffs shall designate and disclose all expert witnesses by November 15, 2020 and Defendant shall designate and disclose its experts, if any, by December 15, 2020.

B.  **Section 216(b) Decertification and Rule 23 Class Certification Briefing:** Defendant shall file any motion to decertify the Section 216(b) collective, and Plaintiffs shall file their motion for Rule 23 class certification, sixty (60) days after the close of the discovery period referenced in Section A. above. The parties shall file their respective opposition papers within forty-five (45) days thereafter. Replies briefs shall be filed by the parties within the following twenty-one (21) days after the filing of opposition papers.

C.  **Further Proceedings:** Within fourteen 14 days after the Court's ruling on the decertification and class certification motions, the Parties shall submit an Amended Joint

**PROPOSED AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**
EAST\176806157.1

Proposed Discovery Plan and Scheduling Order setting forth deadlines for all remaining merits discovery, dispositive motions, and trial setting.

Respectfully submitted,

DATED:  October 15, 2020                                DATED:  October 15, 2020

**THIERMAN BUCK, LLP**                                  **DLA PIPER LLP (US)**

*/s/Leah L. Jones*
Mark R. Thierman, Nev. Bar No. 8285                     */s/Mary C. Dollarhide*
Joshua D. Buck, Nev. Bar No. 12187                      Mary C. Dollarhide, CA Bar No. 138441
Leah L. Jones, Nev. Bar No. 13161                       *(admitted pro hac vice)*
Joshua R. Hendrickson, Nev. Bar No. 12225               Brian S. Kaplan, NY Bar No. 2685725
*Attorneys for Plaintiffs*                              *(admitted pro hac vice)*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**
Molly M. Rezac, Nev. Bar No. 7435
*Attorneys for Defendant*

## ORDER

1) Plaintiff shall disclose and designate all experts by November 15, 2020.

2) Defendant shall disclose and designate all experts by December 15, 2020.

3) The Parties shall complete all Collective and Class Certification discovery by June 12, 2021.

4) Defendant shall file any motion to decertify the Section 216(b) collective, and Plaintiffs shall file their motion for Rule 23 class certification, ~~sixty (60) days after the close of discovery~~ by August 11, 2021, unless extended as provided herein or by the Court.

5) The Parties shall file their respective opposition papers ~~within forty-five (45) days thereafter~~ by September 27, 2021.

6) Replies briefs shall be filed by the Parties ~~within the following twenty-one (21) days after the filing of opposition papers.~~ by October 18, 2021.

**PROPOSED AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**
EAST\176806157.1

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.comt

7) The Parties shall submit a Joint Status Report on all remaining claims, discovery completed and discovery yet to be completed setting forth proposed deadlines for all remaining discovery including expert witness disclosures, the completion of discovery on any remaining claims, any motions for decertification, dispositive motions, and trial setting, within fourteen (14) days after the Court's ruling on the Plaintiffs' Rule 23 class certification motion and Defendant's decertification motion.

**IT IS SO ORDERED.**

Dated: October 16, 2020

_____
UNITED STATES MAGISTRATE JUDGE

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.comt