**THIERMAN BUCK, LLP**
Mark R. Thierman, NV Bar No. 8285
Joshua D. Buck, NV Bar No. 12187
Leah L. Jones, NV Bar No. 13161
Joshua R. Hendrickson, NV. Bar. No. 12225
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com
joshh@thiermanbuck.com

*Attorneys for Plaintiffs Mustafa Yousif and*
*Sharone Walker on behalf of themselves*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02941-RFB-NJK<br><br>**STIPULATION AND [PROPOSED] ORDER TO FILE PLAINTIFFS' PROPOSED FIFTH AMENDED COMPLAINT AND RELATED REVISIONS TO THE SCHEDULING ORDER** |

Plaintiffs MUSTAFA YOUSIF and SHARONE WALKER ("Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendant VENETIAN CASINO RESORT, LLC ("Defendant") by and through its counsel of record DLA PIPER LLP (US) and OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C., hereby stipulate and agree that Plaintiffs may file with the Court, without further motion, the Proposed Fifth Amended Complaint, a copy of which is attached hereto as **Exhibit A**.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2) a party may amend its pleading only with the opposing party's written consent or the court's leave. Plaintiffs filed their First Amended Complaint on January 4, 2017 after Defendants removed the action to this

- 1 -
**STIPULATION AND [PROPOSED] ORDER TO FILE PLAINTIFFS' PROPOSED**
**FOURTH AMENDED COMPLAINT AND REVISIONS TO SCHEDULING ORDER**

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.com

Court.  (ECF No. 7.)  On February 3, 2017 the Court granted the Parties' Stipulation to file a Second Amended Complaint (ECF No. 16) and Plaintiffs filed their Second Amended Complaint the same day. (ECF No. 17.)  At the hearing held on May 24, 2018 the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint and instructed Plaintiffs to file a Third Amended Complaint (ECF No. 83), which was filed on May 29, 2018. (ECF No. 84.)  On June 12, 2018 Defendant filed a Motion to Dismiss Plaintiffs' Third Amended Complaint. (ECF No. 88).  After reviewing Defendant's Motion, the Parties met and conferred regarding the same.  Subsequently, the Parties stipulated and the Court granted Plaintiffs leave to file their Fourth Amended Complaint (ECF No. 97), which was filed the same day. (ECF No. 98.)

The initial phase of discovery closed on September 10, 2021 (ECF No. 199) and the Parties hereby stipulate and agree that they have completed discovery related to the appropriate scope of any motion for decertification of the conditionally certified Fair Labor Standards Act ("FLSA") collective action and/or motion for Federal Rule of Civil Procedure ("FRCP") 23 class certification and that no new additional discovery on such subjects is being sought in connection with the proposed Fifth Amended Complaint.  Accordingly, Plaintiffs now seek to file a Fifth Amended Complaint to reflect the causes of actions still active in the litigation[1], remove from the caption named Defendants no longer a party to this action[2], add a cause of action[3], and correct typographical errors.  Plaintiffs' proposed Fifth Amended Complaint is attached as **Exhibit A**.

Defendant does not oppose Plaintiffs' filing of the Proposed Fifth Amended Complaint, however in so stipulating Defendant expressly does not agree to the merits of any claim, the

[1]  The Parties settled the FCRA claim and the Court granted Final Approval on September 11, 2018. (ECF No. 107.)

[2]  The Venetian Casino Resort, LLC is the only remaining defendant in this action; Las Vegas Sands Corp. was voluntarily dismissed without prejudice on October 10, 2018. (ECF No. 113.)

[3]  Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250.

**STIPULATION AND [PROPOSED] ORDER TO FILE PLAINTIFFS' PROPOSED
FOURTH AMENDED COMPLAINT AND REVISIONS TO SCHEDULING ORDER**

factual allegations in the Fifth Amended Complaint, and does not waive any defenses it may assert.   Moreover, Defendant has indicated that it intends to file a motion to dismiss and/or strike related to the Fifth Amended Complaint ("Motion to Dismiss").

The Parties further stipulate and agree that Defendants shall have thirty (30) days from the date the Fifth Amended Complaint is filed to move, answer and/or otherwise respond accordingly.

/ / /

/ / /

/ / /

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

**STIPULATION AND [PROPOSED] ORDER TO FILE PLAINTIFFS' PROPOSED FOURTH AMENDED COMPLAINT AND REVISIONS TO SCHEDULING ORDER**

Plaintiffs' motion for FRCP 23 class certification and Defendant's motion for decertification of the conditionally certified FLSA collective are presently both due on November 11, 2021 (the "Certification Motions").  (ECF No. 199.)  There are no other dates pending on the scheduling order.  In light of Defendant's contemplated Motion to Dismiss, the Parties further stipulate that the time for the Parties to file the Certification Motions shall be extended to and including forty-five (45) days following the Court's ruling on Defendant's Motion to Dismiss.

Dated this 22nd day of September 2021.

**THIERMAN BUCK, LLP**

*/s/     Leah L. Jones*
Mark R. Thierman, Bar No. 8285
Joshua D. Buck, Bar No. 12187
Leah L. Jones, Bar No. 13161
Joshua R. Hendrickson, Nar. No. 12225
7287 Lakeside Drive
Reno, Nevada 89511
*Attorneys for Plaintiffs*

**DLA PIPER LLP (US)**

*/s/     Mary C. Dollarhide*
MARY C. DOLLARHIDE (California Bar No. 138441)
mary.dollarhide@us.dlapiper.com
TAYLOR H. WEMMER (California Bar No. 292539)
taylor.wemmer@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone:  858.677.1400
Facsimile:  858.677.1401

BRIAN S. KAPLAN (New York Bar No. 2685725)
brian.kaplan@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Telephone: 212.335.4500
Facsimile: 212.335.4501

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**
MOLLY M. REZAC (Nevada Bar No. 7435)
molly.rezac@ogletree.com
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone:  775.440.2372
Facsimile:  775.440.2376
*Attorneys for Defendant*
*The Venetian Casino Resort, LLC*

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MUSTAFA YOUSIF and SHARONE
WALKER on behalf of themselves and all
others similarly situated,

             Plaintiffs,

    vs.

THE VENETIAN CASINO RESORT, LLC;
LAS VEGAS SANDS, CORP. and DOES 1
through 50, inclusive,

    Defendants.

Case No.: 2:16-cv-02941-RFB-NJK

**[PROPOSED] ORDER ON STIPULATION TO FILE PLAINTIFFS' PROPOSED FIFTH AMENDED COMPLAINT AND RELATED REVISIONS TO THE SCHEDULING ORDER**

Pending before the Court is the Parties' stipulation to file Plaintiffs' proposed Fifth Amended Complaint and related revisions to the scheduling order. Pursuant to the Parties' stipulation, the Court hereby orders as follows:

    1)    Plaintiffs shall file their Fifth Amended Complaint within seven (7) days of the entry of this Order;

    2)    Defendant shall have thirty (30) days from the filing of Plaintiffs' Fifth Amended Complaint to file its motion to dismiss and/or strike related to the Fifth Amended Complaint;

    3)    The existing briefing schedule on Plaintiffs' motion for FRCP 23 class certification and Defendant's motion to decertify the FLSA collective are hereby vacated and the Parties shall file their respective FRCP 23 and decertification motions no later than forty-five (45) days after the Court's ruling on Defendant's motion to dismiss and/or strike related to the Fifth Amended Complaint.

    IT IS SO ORDERED.

    DATED:  October 20, 2021.



RICHARD F. BOULWARE, II
**United States District Court**

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

## **Exhibit List**

Exhibit A: Plaintiffs' Proposed Fifth Amended Complaint

**STIPULATION AND [PROPOSED] ORDER TO FILE PLAINTIFFS' PROPOSED
FOURTH AMENDED COMPLAINT AND REVISIONS TO SCHEDULING ORDER**

# EXHIBIT A

Plaintiffs Proposed Fifth
Amended Complaint

# EXHIBIT A

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
Joshua R. Hendrickson, Nev. Bar No. 12225
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com
joshh@thiermanbuck.com

*Attorneys for Plaintiffs Mustafa Yousif and*
*Sharone Walker on behalf of themselves and*
*all others similarly situated*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:16-cv-02941-RFB-NJK<br><br>**FIFTH AMENDED COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250;<br><br>3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br><br>5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiffs MUSTAFA YOUSIF and SHARONE WALKER, on behalf of themselves and all others similarly situated and alleges the following:

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel.  Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  Plaintiffs have filed with this court consents to join this action.

2.      This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e., the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.      In addition, this Court has jurisdiction over the Nevada statutory claims alleged herein because the Parties seeking to recover unpaid wages have a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others. *See e.g., Neville v. Eighth Judicial District Court in & for Cty. of Clark*, Case No. 70696, 133 Nev. Adv. Op. 95, 2017 WL 6273614, at *4 (Dec. 7, 2017).

4.      Venue is proper in this Court because the Defendant named herein maintains a principal place of business or otherwise is found in the judicial district the acts complained of herein occurred in Clark County, Nevada.

/ / /

**PARTIES**

5.      Plaintiff MUSTAFA YOUSIF, (hereinafter "Plaintiff" or "YOUSIF") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendant as a non-exempt hourly employee from on or about September 22, 2014 to on or about September 7, 2016.

6.      Plaintiff SHARONE WALKER, (hereinafter "Plaintiff" or "WALKER") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendant as a non-exempt hourly employee from on or about August 2015 to September 19, 2017.

7.      Defendant THE VENETIAN CASINO RESORT, LLC ("Defendant" or "Venetian/Palazzo/Venezia") is a luxury hotel and casino complex located on the Las Vegas Strip, Nevada and, upon information and belief, is part of a larger complex, operated as one hotel comprising the adjoining Palazzo and the Sands Convention Center.  The VENETIAN, The PALAZZO, and The Venezia are operated as one hotel by the LAS VEGAS SANDS, CORP, with its principal place of business at 3355 Las Vegas Boulevard South, Las Vegas, Nevada.

8.      Defendant is an  employer under the FLSA and are engaged in commerce for the purposes of the FLSA, 29 U.S.C.§ 201 *et. seq*. Defendant is an  employer under the provisions of Nevada Revised Statutes Chapter 608.

9.      The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiffs.  Plaintiffs are informed and believe that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Venetian/Palazzo/Venezia" herein shall mean "Defendant and each of them."

**FACTUAL ALLEGATIONS**

10.     Plaintiffs were employed by Defendant as non-exempt hourly paid housekeepers at the Venetian/Palazzo/Venezia.  At the time of separation of employment Plaintiff Yousif was making about $17.44 per hour.  At the time of separation of employment Plaintiff Walker was making about $17.44 per hour.

FIFTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

11.     Plaintiffs were scheduled for, and regularly worked, five (5) shifts per week, at least eight (8) hours per shift, forty (40) hours per workweek, and worked hours over eight (8) in a day and/or over forty (40) in a workweek.  Upon information and belief, all other persons employed as housekeepers by Defendant were scheduled for and regularly worked the same or similar schedules.

12.     Plaintiff YOUSIF's usual schedule required him to work Thursday through Monday with Tuesday and Wednesday off.  His schedule varied between a swing shift start time and a 9:00 a.m. start time on the weekend.  He was always scheduled for the weekends.

13.     Plaintiff WALKER's usual schedule required her to work Thursday through Monday with Tuesday and Wednesday off.  She was always scheduled for the weekends and was unable to take a lunch break due to volume of rooms to be cleaned during busy periods.

## DEFENDANT'S PRE-SHIFT WORK REQUIREMENTS

14.     Defendant required Plaintiffs and all employees who worked as housekeepers to engage in pre-shift work activities off the clock and without compensation each and every single shift worked.  Housekeepers were required to fill their carts with cleaning supplies and linens prior to clocking in for their regularly scheduled shift.

15.     Employees could not complete their job duties without filling their carts and were not allowed to start their shifts unless and until their carts were filled with supplies needed to complete their job duties.  These tasks were completed off the clock and without compensation.  Based on Plaintiffs' knowledge and belief all employees who were similarly employed as housekeepers followed the same policy and procedure mandated by Defendant.

16.     Plaintiffs first principal work activity took place approximately fifteen (15) to twenty-five (25) minutes prior to their regular scheduled shift, when Plaintiffs and all housekeepers were required to enter through the employee entrance at the Venetian and review a large white board outside of the Housekeeping office in order for them to receive their floor/room/station assignments for the day.  This information was not available to employees until the day of their shift at the board, at a  housekeeping office, and on the property.

FIFTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

17.     Once a housekeeper knows what floor and rooms they are assigned to clean they go to that floor and the corresponding station to retrieve their cleaning carts and then fill those cleaning carts with items required to complete their daily work duties.

18.     In addition to linens (sheets, pillowcases, duvets), which housekeepers had to collect and fold themselves prior to loading their carts, housekeepers had to collect soap products (shampoo, conditioner, soap bars, bathroom items), towels, toilet tissue, tissue, magazines, laundry bags, extra note pads and pens, as well as a safety bag for hazardous material disposal and place them on their cleaning carts.

19.     Housekeepers are required to fill up their carts each and every shift worked.

### DEFENDANT'S POST-SHIFT WORK REQUIREMENTS

20.     Plaintiffs and housekeepers are assigned a certain number of rooms to complete during their shifts.  If a housekeeper was unable to finish their allotted rooms during their shift they were instructed to clock out and then finish cleaning their assigned rooms off the clock and without compensation.

21.     Extracting unpaid work from Plaintiffs and all other housekeepers was achieved by having employees perform work without being logged in to the timekeeping system.

22.     Plaintiff YOUSIF was paid $17.44 per hour. Thus, because Defendant's required Mr. Yousif to work about 25 minutes of uncompensated work time each and every shift worked, he is owed 2.05 hours or more of overtime; i.e., 25 minutes per day at five days per week is equal to 125 minutes or two hours and five minutes.  At the required one and one- half times his regular hourly rate of pay of $26.16 multiplied by 2.05 hours of overtime he is owed $53.63 per workweek worked.

23.     Plaintiff WALKER was paid $17.44 per hour.  Thus, because Defendant's required Ms. Walker to work about 25 minutes of uncompensated work time each and every shift worked, she is owed 2.05 hours or more of overtime; i.e., 25 minutes per day at five days per week is equal to 125 minutes or two hours and five minutes.  At the required one and one-half times her regular hourly rate of pay of $26.16 multiplied by 2.05 hours of overtime she is owed $53.63 per workweek worked.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

**DEFENDANT'S REST BREAK POLICIES AND PRACTICES**

24.    Defendant does not schedule, authorize, and/or permit employees to take their legally mandated rest breaks.

25.    NRS 608.019(2), emphasis added, provides as follows:

> Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, ***shall be in the middle of each work period***. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. ***Authorized rest periods shall be counted as hours worked***, for which there shall be no deduction from wages.

26.    Nevada law requires that employers pay employees for rest periods according to the following schedule:

> Unless an employee is exempt pursuant to NRS 608.019, an employee that works at least 3 1/2 continuous hours is permitted:
>
> (a)    One 10-minute rest period if the employee works at least 3 1/2 continuous hours and less than 7 continuous hours;
>
> (b)    Two 10-minute rest periods if the employee works at least 7 continuous hours and less than 11 continuous hours;
>
> (c)    Three 10-minute rest periods if the employee works at least 11 continuous hours and less than 15 continuous hours; or
>
> (d)    Four 10-minute rest periods if the employee works at least 15 continuous hours and less than 19 continuous hours.

NAC 608.145.

27.    Plaintiffs and all other similarly situated employees were never scheduled for, and/or offered/provided with, their legally mandated rest breaks.  As a result, Plaintiffs and all other similarly situated employees worked through their legally mandated rest breaks.

28.    Because Plaintiffs and all other similarly situated employees worked through their legally mandated rest breaks, Defendant has failed to separately pay Plaintiff and other similarly situated employees their rest break wages.  These rest break wages must be paid at the regular and/or overtime rate of compensation or, at the very least, at the minimum wage rate.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 6 -
FIFTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

29.     Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

30.     Plaintiffs bring the action on behalf of themselves and all other similarly situated and typical housekeepers employed in Nevada as both a collective action under the FLSA and a true class action under federal law.

31.     The **FLSA CLASS** is defined as follows: **All current and former non-exempt employees who were employed as housekeepers by Defendant during the relevant time period**.

32.     With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

A.     Defendant employed Plaintiffs as hourly-paid employees who did not receive overtime premium pay at one and one-half times the regular hourly rate of pay for all hours worked over forty (40) hours in a workweek.

B.     Plaintiffs' situation is similar to those they seek to represent because Defendant failed to pay Plaintiffs and all other FLSA CLASS Members for all time they were required to work, including time spent performing pre-shift and post-shift activities without compensation but with the knowledge acquiescence and/or approval (tactic as well as expressed) of Defendant's managers and agents.

C.     Common questions exist as to: 1) Whether the time spent by Plaintiffs and all other FLSA CLASS Members engaged in pre-shift and post-shift activities is compensable under federal law; and 2) Whether Defendant failed to pay Plaintiffs and FLSA CLASS Members one and one-half times their regular hourly rate for all hours worked in excess of 40 hours a week.

D.     Upon information and belief, Defendant employs, and has employed, in excess of 1,000 FLSA CLASS Members within the applicable statute of limitations.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

E.      Plaintiffs have signed Consent to Sue forms which have been filed with the Court.  Consent to sue forms are not required for state law claims under Rule 23 of the Federal Rules of Civil Procedure.

33.     The **NEVADA CLASS** is defined as follows: **All current and former non-exempt hourly paid employees employed as housekeepers by Defendant during the relevant time period**.  The NEVADA CLASS is further divided into the following sub-class:

A.      **WAGES DUE AND OWING SUB-CLASS**: All members of the NEVADA CLASS who, at any time during the Class Period, were terminated or otherwise separated from employment.

34.     Rule 23 treatment is appropriate for the NEVADA CLASS and the WAGES DUE and OWING SUB-CLASS for the following reasons:

A.      The NEVADA and WAGES DUE AND OWING are Sufficiently Numerous. Upon information and belief, Defendant employs, and has employed, in excess of 1,000 NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS Members within the applicable statute of limitations.  Because Defendant is legally obligated to keep accurate payroll and employment records, Plaintiffs allege that Defendant's records will establish the identity and ascertainably of members of the NEVADA CLASS and the WAGES DUE AND OWING SUB-CLASS as well as their numerosity.

B.      Plaintiffs' Claims are Typical to Those of Fellow Class and Sub-Class Members.  Each NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS Member is and was subject to the same practices, plans, and/or policies as Plaintiffs, as follows: 1) Defendant required Plaintiffs and all NEVADA CLASS Members to engage in pre-shift and post-shift activities without compensation; 2) Defendant fails to schedule, authorize, and/or permit Plaintiffs and NEVADA CLASS Members to take their legally mandated rest breaks; and 3) As a result of working employees without compensation off the clock and failing to compensated for unpaid rest break hours, Defendant failed to pay Plaintiffs and WAGES DUE

AND OWING SUB-CLASS Members all wages due and owing at the time of their termination or separation from employment.

C.      <u>Common Questions of Law and Fact Exist</u>. Common questions of law and fact exist and predominate as to Plaintiffs and the NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS including, without limitation the following: 1) Whether Plaintiffs and all other NEVADA CLASS Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; 2) Whether Defendant violated Nevada law by failing to schedule, authorize, and/or permit Plaintiffs and all other NEVADA CLASS Members to take their legally mandated rest breaks; and 3) Whether Defendant delayed final payment to Plaintiffs and all separated class Members in violation of NRS 608.020-050; 3).

D.      <u>Plaintiffs Are Adequate Representatives of the Classes.</u> Plaintiffs will fairly and adequately represent the interests of the NEVADA CLASS and WAGES DUE AND OWING SUB-CLASS because Plaintiffs are members of each of the CLASSES, they have issues of law and fact in common with all members of the CLASSES, and they do not have any interests antagonistic to the members of any of the CLASSES.  Plaintiffs and Counsel are aware of their fiduciary responsibilities to Members of each of the CLASSES and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for all of the classes as a group.

E.      <u>Class Issues Predominate and a Class Action Is A Superior Mechanism to Hundreds Of Individual Actions</u>.  Class issues predominate, and a class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical.  Class action treatment will permit a large number of

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while and important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

### **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

*(On Behalf of Plaintiffs and all members of the FLSA CLASS)*

35. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

36. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. By failing to compensate Plaintiffs and FLSA CLASS Members for time spent engaging in pre-shift and post-shift activities, Defendant failed to pay Plaintiffs and FLSA CLASS Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

38. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA CLASS Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

/ / /

**THERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wages Pursuant to the Nevada Constitution and/or NRS 608.250**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

39.     Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

40.     NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiff has made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

41.     Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

42.     NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

(a)  Beginning July 1, 2019:
        (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $8.25 per hour worked.

(b)  Beginning July 1, 2020:
    (1) If the employer offers health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $8.00 per hour worked.
    (2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $9.00 per hour worked.

(c)  Beginning July 1, 2021:
    (1) If the employer offers health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $8.75 per hour worked.
    (2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $9.75 per hour worked.

(d)  Beginning July 1, 2022:
    (1) If the employer offers health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $9.50 per hour worked.
    (2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $10.50 per hour worked.

(e)  Beginning July 1, 2023:
    (1) If the employer offers health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $10.25 per hour worked.
    (2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $11.25 per hour worked.

(f)  Beginning July 1, 2024:
    (1) If the employer offers health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada constitution, $11.00 per hour worked.
    (2) If the employer does not offer health benefits to the employee in the manner described in <u>Section 16 of Article 15</u> of the Nevada Constitution, $12.00 per hour worked.

FIFTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

43.     By failing to compensate Plaintiffs and NEVADA CLASS Members for the time spent engaging in the pre-shift and post-shift activities identified above, Defendant failed to pay Plaintiffs and NEVADA CLASS Members their minimum wages for all hours worked in violation of the Nevada Constitution and NRS 608.250.

44.     As a result of Defendant's rest break policy and practice (as set forth above), Plaintiffs and NEVADA CLASS Members were deprived their legally mandated rest breaks and are thus entitled to recover 10 minutes of rest break wages at the minimum hourly rate of compensation for every 3.5 hours that they worked.

45.     Wherefore, Plaintiffs demand for themselves and for all NEVADA CLASS Members that Defendant pay Plaintiffs and NEVADA CLASS Members their minimum rate of pay for all hours worked (off the clock work and unpaid rest break hours) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

46.     Plaintiffs reallege and incorporate by the reference all the paragraphs above in the Complaint as though fully set forth herein.

47.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

48.     NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee.").

49.     Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

50.     By failing to compensate Plaintiffs and NEVADA CLASS Members for the time spent engaging in the pre-shift and post-shift activities identified above, Defendant failed to pay

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Plaintiffs and NEVADA CLASS Members for all hours worked in violation of NRS 608.140 and 608.016.

51.     As a result of Defendant's rest break policy and practice (as set forth above), Plaintiffs and NEVADA CLASS Members were deprived their legally mandated rest breaks and are thus entitled to recover 10 minutes of rest break wages at their regular hourly rate of compensation for every 3.5 hours that they worked.

52.     Wherefore, Plaintiffs demand for themselves and for all NEVADA CLASS Members that Defendant pay Plaintiffs and NEVADA CLASS Members their regular hourly rate of pay for all hours worked (off the clock work and unpaid rest break hours) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

53.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

54.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

55.     NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work

56.     By failing to compensate Plaintiffs and NEVADA CLASS Members for the pre-shift and post-shift activities identified above, Defendant failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

57.     As a result of Defendant's rest break policy and practice (as set forth above), Plaintiffs and NEVADA CLASS Members were deprived their legally mandated rest breaks and

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

are thus entitled to recover 10 minutes of rest break wages at their overtime rate of compensation for every 3.5 hours that they worked.

58. Wherefore, Plaintiffs demand for themselves and for NEVADA CLASS Members that Defendant pay Plaintiffs and NEVADA CLASS Members one and one-half times their regular hourly rate of pay for all hours worked (off the clock work and unpaid rest break hours) in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## **FIFTH CAUSE OF ACTION**

### **Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiffs and the WAGES DUE AND OWING SUB-CLASS)

59. Plaintiffs reallege and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

60. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

61. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

62. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

63. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid

1 in full, without rendering any service therefor; but the employee shall cease to draw such wages

2 or salary 30 days after such default."

3 64. By failing to pay Plaintiffs and all members of the WAGES DUE AND OWING

4 SUB-CLASS for all hours worked in violation of state (off the clock and rest break hours) and

5 federal law, at the correct legal rate, Defendant has failed to timely remit all wages due and owing

6 to Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS.

7 65. Despite demand, Defendant willfully refuses and continues to refuse to pay

8 Plaintiffs and all WAGES DUE AND OWING SUB-CLASS Members.

9 66. Wherefore, Plaintiffs demand for themselves and all members of the WAGES

10 DUE AND OWING SUB-CLASS thirty (30) days wages under NRS 608.140 and 608.040, and

11 an additional thirty (30) days wages under NRS 608.140 and 608.050, together with attorneys'

12 fees, costs, and interest as provided by law.

### JURY TRIAL DEMANDED

14 Plaintiffs hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

### PRAYER FOR RELIEF

16 Wherefore Plaintiffs, individually and on behalf of all Class Members alleged herein, pray

17 for relief as follows:

18 1. For an order conditionally certifying the action under the FLSA and providing

19 notice to all FLSA CLASS members so they may participate in the lawsuit;

20 2. For an order certifying the action as a traditional class action under Federal Rule

21 of Civil Procedure 23 on behalf of all members of the NEVADA CLASS and the

22 WAGES DUE AND OWING SUB-CLASS;

23 3. For an order appointing Plaintiffs as the Representatives of the Classes and their

24 counsel as Class Counsel for the Classes;

25 4. For damages according to proof for overtime compensation under federal law for

26 all hours worked over 40 per week;

27 5. For liquidated damages pursuant to 29 U. S. C. § 216(b);

28

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 16 -

FIFTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

6. For damages according to proof for minimum wage rate pay under the Nevada Constitution and/or NRS 608.250 for all off the clock and rest break hours worked;

7. For damages according to proof for regular hourly rate pay under NRS 608.140 and 608.016 for all off the clock and rest break hours worked;

8. For damages according to proof for overtime compensation at the applicable rate under NRS 608.140 and 608.018 for all hours worked for overtime premium pay of one and one-half times their regular rate for all off the clock and rest break hours worked in excess of 40 hours per week;

9. For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

10. For interest as provided by law at the maximum legal rate;

11. For reasonable attorneys' fees authorized by statute;

12. For costs of suit incurred herein;

13. For pre-judgment and post-judgment interest, as provided by law; and

14. For such other and further relief as the Court may deem just and proper.

DATED: September 21, 2021                    Respectfully Submitted,

**THIERMAN BUCK LLP**

/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Joshua R. Hendrickson

*Attorneys for Plaintiffs*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com