# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-02941-RFB-NJK<br><br>**[PROPOSED] ORDER**<br><br>**(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br><br>**(2) PRELIMINARILY APPROVING THE CLASS SETTLEMENT;**<br><br>**(3) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL;**<br><br>**(4) APPROVING CLASS NOTICE;**<br><br>**(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(6) SCHEDULING FINAL APPROVAL HEARING** |

On November 21, 2024, this Court considered the Parties Joint Motion for Preliminary Approval of Collective and Class Action Settlement. Having considered the Motion and all supporting legal authorities and documents, and having heard oral argument, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over this action and the parties' proposed settlement

1  under 28 U.S.C. section 1367, as Plaintiffs' Complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and related Nevada wage-and-hour law; the Court has original jurisdiction over Plaintiffs' federal law claims; and the Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiffs' federal-law claims.

2. The proposed settlement class satisfies the requirements of a class action settlement class under Fed. R. Civ. P. 23 and a collective action settlement class under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), because the class members are readily ascertainable, and a well-defined community of interest exists in the common questions of law and fact affecting the parties.

3. The following class of persons are certified in this action solely for the purposes of the Settlement:

> All current and former non-exempt employees who were employed as housekeepers by Defendant Venetian Casino Resort, LLC ("Venetian") and/or Venetian Las Vegas Gaming, LLC during the Class Period. "Class Period" means October 27, 2013, through August 31, 2024.

4. The parties' Settlement Agreement (the "Settlement") is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable to all potential members of the Settlement Class when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues, and appears to be the product of arm's length and informed negotiations.

5. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval are sufficient to inform members of the Class of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement,

1  their right to receive a proportionate Settlement Share or opt-out and not to participate in the
2  Settlement, and the processes for doing so, and the date and location of the final approval hearing,
3  and therefore are approved.

4        6.     Any member of the Class who does not opt-out within seventy-five (75) days after
5  the date the Settlement Administrator mails the Notice will receive a Settlement Share.

6        7.     Those members of the Class who wish to comment on, object to or opt-out of the
7  Settlement have until seventy-five (75) days after the mailing of the Class Notice to submit their
8  comments, objection or opt-out notice pursuant to the procedures set forth in the Class Notice.

9        8.     The Class Notice will be disseminated according to the notice plan described in the
10  Settlement Agreement and substantially in the form submitted by the parties. Proof of
11  distribution of notice will be filed by the parties at or prior to the final approval hearing.

12        9.     Phoenix Class Action Administration Solutions is appointed to act as the
13  Settlement Administrator, pursuant to the terms set forth in the Settlement.

14        10.    Plaintiffs Mustafa Yousif and Sharone Walker are appointed as Class
15  Representatives and the Court preliminarily approves a Class Representative Payment in the
16  amount of $17,500.00 to Plaintiff Mustafa Yousif and $12,500.00 to Plaintiff Sharone Walker.

17        11.    Mark R. Thierman, Joshua Buck and Leah L. Jones of Thierman Buck, LLP are
18  appointed Class Counsel, and the Court preliminarily approves their attorneys' fee request of no
19  more than $2,466,666.66 and litigation costs not to exceed $70,000.00.

20        12.    Defendant is directed to provide the Settlement Administrator with the Class Data
21  as specified by the Settlement Agreement using best efforts, and in no event no later than thirty
22  (30) business days after the date of this order.

23        13.    The Settlement Administrator is directed to mail the approved Class Notice by
24  first-class mail to members of the respective classes no later than fourteen (14) calendar days after
25  receiving the Class List from Defendant.

26        14.    Thus, a final hearing will be held in this department on May 9, 2025, at 2:00 p.m.,
27  to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be
28

-- 3 --

finally approved by the Court; (2) the amount of attorney's fees and litigation costs to award to Class Counsel; (3) the amount to be paid to the Claims Administrator; and (4) the amount of the Incentive Payments for the Class Representatives. The Court will hear all evidence and argument necessary to evaluate the Settlement and Class Members and their counsel may support, oppose, or comment upon the Settlement if they so desire, as set forth in the Class Notice.

15. Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement or object to the award of the Class Representative Payment or the Class Counsel Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must file written objections and/or comments with the Clerk of Court setting forth the nature of his/her comments, support or objection, and serve the same on counsel for the parties not later than thirty (30) calendar days after the Settlement Administrator mails the Class Notice.

16. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

17. All papers filed in support of final approval of the settlement, and response to any objections, will be filed no later than May 1, 2025.

Dated: December 3, 2024

_____
Hon. Richard F. Boulware
United States District Judge