**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA YOUSIF and SHARONE WALKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-02941-RFB-NJK<br><br>**[PROPOSED] ORDER**<br><br>**(1) FINALLY CERTIFYING SETTLEMENT CLASS;**<br><br>**(2) FINALLY APPROVING THE CLASS SETTLEMENT;**<br><br>**(3) FINALLY APPROVING REPRESENTATIVE PLAINTIFFS' ENHANCEMENT PAYMENTS;**<br><br>**(4) FINALLY APPROVING CLASS COUNSEL'S FEES AND COSTS;**<br><br>**(5) FINALLY APPROVING SETTLEMENT ADMINISTRATOR COSTS; AND**<br><br>**(6) ENTERING DISMISSAL WITH PREJUDICE** |

On May 9, 2025, this Court considered Plaintiffs' Motion for Final Approval of Collective and Class Action Settlement and Settlement Administration Fees, as well as Plaintiffs' Motion for Final Approval of Attorneys' Fees and Costs and Class Representative Enhancement Payments.

The Parties have submitted their Settlement, which this Court preliminarily approved by its December 3, 2024, Order (ECF No. 261) (the "Preliminary Order"). In accordance with the Preliminary Order, Class Members have been given notice of the terms of the Settlement and an

1  opportunity to comment. Class Members have also been provided with an opportunity to exclude
2  themselves from the Settlement.
3        Having received and considered the Settlement and both Motions and all supporting legal
4  authorities and documents, and having heard oral argument, the Court orders as follows:
5        IT IS HEREBY ORDERED THAT:
6        1.    The Court has jurisdiction over this action and the parties' proposed settlement
7  under 28 U.S.C. section 1367, as Plaintiffs' Complaint was brought under the Fair Labor Standards
8  Act, 29 U.S.C. § 201 *et seq.*, and related Nevada wage-and-hour law; the Court has original
9  jurisdiction over Plaintiffs' federal law claims; and the Court has supplemental jurisdiction over
10 Plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences
11 as do Plaintiffs' federal law claims.
12       2.    The proposed settlement class satisfies the requirements of a class action settlement
13 class under Federal Rule of Civil Procedure 23 and a collective action settlement class under section
14 216(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), because the class members are readily
15 ascertainable, and a well-defined community of interest exists in the common questions of law and
16 fact affecting the parties.
17       3.    The following class of persons are certified in this action solely for the purposes of
18 the Settlement:

> All current and former non-exempt employees who were employed as housekeepers by Defendant Venetian Casino Resort, LLC ("Venetian") and/or Venetian Las Vegas Gaming, LLC during the Class Period. "Class Period" means October 27, 2013, through August 31, 2024.

22       4.    For the reasons stated in the Preliminary Order, this Court finds and determines that
23 the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements
24 for certification as a collective action under 29 U.S.C., §216(b) of the FLSA and as a Class under
25 Fed. R. Civ. P. 23, and it is hereby ordered that the Class is finally certified as a collective and class
26 for the purposes of Settlement of this action.
27       5.    The parties' Settlement Agreement (the "Settlement") is granted final approval as it
28 meets the criteria for final settlement approval. The Settlement falls within the range of possible

approval as fair, adequate, and reasonable to all potential members of the Settlement Class when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues, and appears to be the product of arm's length and informed negotiations.

6. Pursuant to this Court's Preliminary Order, a Class Notice Packet consisting of a Notice of Proposed Settlement of Collective and Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval. These papers informed Class Members of the Class of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a proportionate Settlement Share or exclude themselves and not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfies the requirement of law and due process.

7. No Class Members filed written objections to the Settlement as part of the notice process or stated an intent to appear at the final approval hearing, and no Class Member excluded themselves from the Settlement. The response of the Class supports Settlement approval.

8. The Court confirms the appointment of Named Plaintiffs Mustafa Yousif and Sharone Walker as Class Representatives and approves a Class Representative Enhancement Payment in the amount of $17,500.00 to Plaintiff Mustafa Yousif and $12,500.00 to Plaintiff Sharone Walker.

9. The Court confirms the appointment of Mark R. Thierman, Joshua Buck, and Leah L. Jones of Thierman Buck, LLP, as Class Counsel and approves their attorneys' fee request of no more than $2,466,666.66 and litigation costs not to exceed $70,000.00.

10. The Court confirms Phoenix Settlement Administrators as the Settlement Administrator and approves $49,450.00 for administrative fees.

11. The Court directs the Parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

12. Pursuant to FRCP 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including attorneys' fees, costs, and Enhancement Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs' claims and Defendant's defenses, and the risk, expense, complexity, and potential duration of further litigation. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with he standards set for the Motion for Final Approval.

13. The Court finds that, as of the date of this Order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement and that the Class Members who have not opted out will be bound by the Settlement.

14. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant makes all payments in accordance with the Settlement.

15. Upon completion of the administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and Counsel for the Parties.

16. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or any other action.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

///

18. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees and Class Counsel Litigation Costs as provided by the Settlement and approved by the Court in this Order.

Dated: August 19, 2025.

_____
Hon. Richard F. Boulware
United States District Judge